## In re GRAND JURY SUBPOENA FOR NEW YORK STATE INCOME TAX RECORDS.

## NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, Appellant,

v.

## UNITED STATES of America, Appellee.

### No. 1273, Docket 79–1160.

United States Court of Appeals, Second Circuit.

Argued July 20, 1979.

Decided Sept. 26, 1979.

Francis V. Dow, Asst. Atty. Gen., Albany, N.Y. (Robert Abrams, Atty. Gen. of the State of New York, Jeremiah Jochnowitz, Asst. Sol. Gen., on the brief), for appellant.

Kevin E. McCormack, Dept. of Justice, Atty., Syracuse, N.Y. (George H. Lowe, U.S. Atty. for the Northern District of New York, Syracuse, N.Y., on the brief), for appellee.

Before VAN GRAAFEILAND, NEWMAN and KEARSE, Circuit Judges.

KEARSE, Circuit Judge:

■ This is an appeal by the New York State Department of Taxation and Finance (the "Department") from an order of the United States District Court for the Northern District of New York (Howard G. Munson, *J.*) denying a motion to quash a grand jury subpoena duces tecum. We dismiss the appeal for lack of jurisdiction because the order was not "final" within the meaning of 28 U.S.C. § 1291 (1976).[1]

In 1978 a federal grand jury sitting in Syracuse, New York, was investigating possible violations of federal statutes, including the income tax laws. In connection with the investigation, a subpoena was issued to the Department, commanding it to testify before the grand jury and to produce the New York State income tax returns of six named individuals (three married couples) for certain years. Those individuals were among the subjects of the grand jury's investigation. The Department moved in the district court to quash the subpoena, arguing that state law made the tax returns confidential and prohibited their disclosure in response to the subpoena. The district court denied the motion to quash. 468 F.Supp. 575 (1979). The Department has neither complied with the subpoena nor refused to comply but instead has taken this appeal. The district court stayed its order denying the motion to quash, pending the appeal. Neither the Department nor any of its officials has been held in contempt.

Two questions are raised on this appeal: first, whether the order denying the motion to quash was appealable; and second, whether New York State has a privilege to refuse to disclose New York State income

---

1. 28 U.S.C. § 1291 (1976) provides that "[t]he courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts . . . ."

tax returns in response to the subpoena.[2] Because we find the order was not appealable, we do not reach the merits of the claim of privilege.

■ It has long been the general rule that an order denying a motion to quash a grand jury subpoena is not appealable under 28 U.S.C. § 1291. *United States v. Ryan*, 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971); *Cobbledick v. United States*, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940); *In re Millow*, 529 F.2d 770, 772 n. 3 (2d Cir. 1976); *In re Grand Jury Subpoena, May, 1978 at Baltimore*, 596 F.2d 630 (4th Cir. 1979), *reh. denied* (4th Cir. May 22, 1979); *see Alexander v. United States*, 201 U.S. 117, 121–22, 26 S.Ct. 356, 50 L.Ed. 686 (1906); *see generally* 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3914 at 568–77 (1976). Such an order generally lacks finality because it leaves to the subpoenaed party the decision whether or not to comply with the subpoena; and if that party does not comply it leaves to the other party the decision whether or not it is worthwhile to seek a citation for contempt in order to compel disclosure. To allow appeal from the order denying a motion to quash would open the door to multiple appeals. Thus, in *United States v. Ryan, supra*, the Court explained as follows (402 U.S. at 532–33, 91 S.Ct. at 1582):

> "[W]e have consistently held that the necessity for expedition in the administration of the criminal law justifies putting one who seeks to resist the production of desired information to a choice between compliance with a trial court's order to produce prior to any review of that order, and resistance to that order with the concomitant possibility of an adjudication of contempt if his claims are rejected on appeal."

■ The Department argues that the "collateral order" doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), should be invoked here to allow appeal from the order denying its motion to quash. Under that doctrine, an order which conclusively determines important disputed issues and which is effectively unreviewable on appeal from a final judgment, may be appealed before final judgment is entered. This doctrine is not entirely irrelevant to the situation at hand; it expresses the rationale that allows a non-party custodian of subpoenaed records to appeal from an order holding him in contempt for failure to produce. *See, e. g., Cobbledick v. United States, supra*, 309 U.S. at 324–25, 60 S.Ct. 540. But while the *Cohen* doctrine holds that certain collateral orders may be deemed final, it does not transmute a preliminary collateral order into a conclusive collateral order. Even as to the collateral matters themselves a sense of finality is required, and federal appellate jurisdiction depends on the existence of a decision that leaves nothing for the court to do but execute the order. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). This dependence generally forecloses immediate appeals from orders denying motions to quash, and requires that the more conclusive order of contempt, which truly leaves nothing for the court but its execution, be entered before appeal is permitted.

■ Only limited inroads have been made into the general rule that a pre-contempt disclosure order is not appealable. The most restricted exception is that recognized by *United States v. Nixon*, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). There, the Supreme Court, while confirming the general rule, held that the President of the United States could appeal the denial of a motion to quash a subpoena directed to him, without first being held in contempt. The Court's reasoning was as follows (418 U.S. at 691–92, 94 S.Ct. at 3099):

> "To require a President of the United States to place himself in the posture of disobeying an order of a court merely to

---

2. The Department did not claim this privilege in support of its motion to quash in the district court.

trigger the procedural mechanism for review of the ruling would be unseemly, and would present an unnecessary occasion for constitutional confrontation between two branches of the Government."

This Court has refused to extend *Nixon* to federal officials other than the President. In *National Super Spuds, Inc. v. New York Mercantile Exchange,* 591 F.2d 174 (2d Cir. 1979), we held that an official of the Commodity Futures Trading Commission could not appeal from an order requiring him to answer questions on deposition, and that appeal would lie only from an order holding him in contempt for refusing to obey the order to answer. In an analogous situation we declined to extend the *Nixon* exception to the Attorney General of the United States, to permit him as a party to take an appeal in the absence of a citation for criminal contempt.[3] *In re Attorney General of the United States,* 596 F.2d 58 (2d Cir. 1979), *cert. denied,* —— U.S. ——, 100 S.Ct. 217, 62 L.Ed.2d 141 (1979).

We see no basis for extending the *Nixon* exception to New York's Tax Department. It would surely be anomalous to grant state officials a greater right of appeal than is enjoyed by federal officials, or to hold that it is more "unseemly" to require the Department to be cited for civil contempt, than to require the nation's chief law enforcement officer to suffer a citation for criminal contempt, in order to appeal.[4]

 A more common exception to the general rule that pre-contempt disclosure orders are not appealable is found in the line of cases following *Perlman v. United States,* 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918). Under the *Perlman* doctrine, when a subpoena is addressed to a person who has custody of material as to which another person has a privilege of non-disclosure, the person who has the privilege may appeal a disclosure order immediately.[5] *See National Super Spuds, Inc. v. New York Mercantile Exchange, supra,* 591 F.2d at 177–81, describing the development of the doctrine. The reason for allowing the appeal in these circumstances is that the holder of the privilege has no power to cause the custodian of the information to risk a contempt citation for non-disclosure. Thus, denying the holder of the privilege the right to appeal from the disclosure order "would practically defeat the right to any review at all." *Cobbledick v. United States, supra,* 309 U.S. at

---

**3.** In general, even an order of civil contempt against a party to an action is not appealable; the party must be held in criminal contempt before an appeal may be taken. *E. g., International Business Machines Corp. v. United States,* 493 F.2d 112, 114–15 & n. 1 (2d Cir. 1973), *cert. denied,* 416 U.S. 995, 94 S.Ct. 2409, 40 L.Ed.2d 774 (1974).

**4.** As pointed out in *National Super Spuds, Inc. v. New York Mercantile Exchange, supra,* 591 F.2d at 176 n. 4, the procedural history of *Dixon v. 80 Pine St. Corp.,* 516 F.2d 1278, 1280 (2d Cir. 1975), makes it highly unlikely that *Dixon's* passing reference to *United States v. Nixon* intended to imply that *Nixon* substantially altered the general rule of non-appealability laid down in *Alexander v. United States, supra, Cobbledick v. United States, supra,* and *United States v. Ryan, supra.*

**5.** *See In re Grand Jury Investigation,* 587 F.2d 589, 592 n. 3 (3d Cir. 1978) (order refusing to quash subpoena to Clerk of House of Representatives; appeal by congressman allowed); *In re Grand Jury Proceedings,* 563 F.2d 577 (3d Cir. 1977) (state senator and chief clerk of state senate each permitted to appeal denial of motion to quash subpoenas addressed to others); *Velsicol Chem. Corp. v. Parsons,* 561 F.2d 671 (7th Cir. 1977) (order compelling testimony by outside counsel of corporation held appealable by corporation), *cert. denied,* 435 U.S. 942, 98 S.Ct. 1521, 55 L.Ed.2d 538 (1978); *In re Grand Jury Impaneled January 21, 1975,* 541 F.2d 373, 377 (3d Cir. 1976) (order refusing to quash subpoena to prothonotary of local court requiring production of contingency fee retainer agreements filed by certain attorneys; appeal by one of those attorneys allowed); *United States v. Doe,* 455 F.2d 753, 757 (1st Cir.) (order refusing to quash subpoena to congressman's legislative assistant; appeal by congressman allowed), *vacated and remanded on other grounds sub nom. Gravel v. United States,* 408 U.S. 606, 92 S.Ct. 2614, 33 L.Ed.2d 583 (1972); *Harris v. United States,* 413 F.2d 316 (9th Cir. 1969) (order refusing to quash subpoena addressed to bank; appeal by depositor allowed); *Overby v. United States Fidelity & Guaranty Co.,* 224 F.2d 158 (5th Cir. 1955) (order compelling president of bank to disclose reports of National Bank Examiner; appeal by Acting Secretary of Treasury allowed).

324–25, 60 S.Ct. at 541 (footnote omitted). *See United States v. Nixon, supra,* 418 U.S. at 691, 94 S.Ct. 3090; *cf. Eastland v. United States Servicemen's Fund,* 421 U.S. 491, 501 n. 14, 95 S.Ct. 1813, 44 L.Ed.2d 324 (1975).

The Department does not expressly rely on the *Perlman* exception and that exception does not appear to apply here. The privilege asserted here is that of the State. The subpoena was directed to the State's Department of Taxation.[6] We see no basis for divorcing the Department from the State; indeed the Department is represented here by the State Attorney General and at times refers to itself as "New York State."[7] Since the State is both the holder of the privilege and the custodian of the records the *Perlman* doctrine does not permit this appeal.[8]

■ Finally, an exception to the general rule seems to have evolved in the Fifth Circuit which allows immediate appeal by a government from a disclosure order when a governmental privilege is asserted and the government is not a party to the action. *See, e. g., Cates v. LTV Aerospace Corp.,* 480 F.2d 620, 622 (5th Cir. 1973); *Carr v. Monroe Manufacturing Co.,* 431 F.2d 384, 387 (5th Cir. 1970), *cert. denied,* 400 U.S. 1000, 91 S.Ct. 456, 27 L.Ed.2d 451 (1971); *Fears v. Burris Manufacturing Co.,* 436 F.2d 1357, 1360 n. 2 (5th Cir. 1971). The Department urges that we follow these cases.

The rationale for this governmental privilege exception, as expressed in *Carr,* is that

"the asserted governmental interest may be 'irretrievably breached' by disclosure, and the government has no remedy on appeal from a final judgment in the original action, even where the matter sought to be discovered is held by one of the parties on the government's behalf."

6. While the subpoena was, necessarily, handed to an individual in the Tax Department, the subpoena did not name any individual but instead required the Department itself to appear and produce the tax returns.

7. See Appellant's Brief at 4.

8. Even if we divorced the State from its Department, however, the *Perlman* exception would not apply since the appeal has been

431 F.2d at 387. To the extent that, as appears to be true in *Carr,* the Fifth Circuit's view is applied to cases in which disclosure is sought from persons other than the government, it may be sustained under the *Perlman* doctrine, which, as we have discussed above, is not applicable to the present case. To the extent that, as in *Cates,* the Fifth Circuit extends the exception to cases in which the government is both the holder of the privilege and the custodian of the material, we are unable to agree. The rationale quoted above is similar to the argument advanced and rejected in *United States v. Ryan, supra,* 402 U.S. at 532, 91 S.Ct. at 1582:

"We think that respondent's assertion misapprehends the thrust of our cases. Of course, *if he complies* with the subpoena he will not thereafter be able to undo the substantial effort he has exerted in order to comply. But compliance is not the only course open to respondent. If, as he claims, the subpoena is unduly burdensome or otherwise unlawful, he may refuse to comply and litigate those questions in the event that contempt or similar proceedings are brought against him. Should his contentions be rejected at that time by the trial court, they will then be ripe for appellate review." (Emphasis added, footnotes omitted.)

There appears to be no persuasive reason to hold that *Ryan* does not apply to governments as well as to individuals, and the *Cates-Carr* exception has been rejected by this Court. *National Super Spuds, Inc. v. New York Mercantile Exchange, supra,* 591 F.2d at 177.

The appeal is dismissed.

taken by the Department, which is not the holder of the privilege. *See National Super Spuds, Inc. v. New York Mercantile Exchange, supra,* 591 F.2d at 179, holding the *Perlman* rule inapplicable to a federal official who was "a responsible . . . employee who has dutifully followed the instructions of Commission counsel not to answer the questions at issue and has joined in the appeal." (Footnote omitted.)