631 F.2d 1122
 8 O.S.H. Cas.(BNA) 1966, 1980 O.S.H.D. (CCH) P 24,741
In the Matter of Establishment Inspection of Consolidated
Rail Corporation
CONSOLIDATED RAIL CORPORATION, Appellant.
 No. 80-1079.
 United States Court of Appeals,
Third Circuit.
 Argued Aug. 5, 1980.
Decided Aug. 27, 1980.
 
 Henry H. Perritt, Jr. (argued), John R. Jenchura, Philadelphia, Pa., for appellant.
 Carin A. Clauss, Sol. of Labor, Benjamin W. Mintz, Associate Sol. for Occupational Safety and Health, Allen H. Feldman, Counsel for Appellate Litigation, Charles I. Hadden, Asst. Counsel for Appellate Litigation, Thomas L. Holzman (argued) Atty., U.S. Dept. of Labor, Washington, D. C., Marshall Harris, Regional Sol., for appellee.
 Before ALDISERT, SLOVITER, Circuit Judges, and HANNUM, District Judge.*
 OPINION OF THE COURT
 SLOVITER, Circuit Judge.
 
 I.
 
 1
 The Consolidated Rail Corporation (Conrail) filed this appeal from an order of the District Court issued December 13, 1979 denying Conrail's motion to quash an inspection warrant, issued ex parte at the request of the Occupational Safety and Health Administration (OSHA), authorizing inspection of Conrail's Altoona, Pennsylvania plant pursuant to the Occupational Safety and Health Act, 29 U.S.C. §§ 651 et seq. (1976 & Supp. II 1978). The Secretary of Labor, defendant in the district court, moved to dismiss the appeal. The ground alleged is that the court's order refusing to quash is not a final judgment and thus not appealable at this time because the district court has not yet acted on the Secretary's petition for an adjudication of civil contempt against Conrail for its refusal to honor the warrant. We hold that the order appealed from is not a final judgment within 28 U.S.C. § 1291 (1976), and therefore we will dismiss the appeal for lack of appellate jurisdiction.
 
 II.
 
 2
 The dispute arose when OSHA received a written complaint from an employee that unsafe working conditions existed in the Conrail Altoona plant where pipefitters repair diesel-electric locomotives. The complaint alleged that employees were forced to work with chromate and asbestos and that no protective clothing was issued to them while working with these materials. OSHA attempted to obtain a consent search of the plant, but was refused entry. On September 17, 1979 a magistrate issued a general inspection warrant authorizing entry to conduct an investigation of the plant. The warrant granted OSHA 10 days to complete the inspection. Although an OSHA representative was allowed an initial "walk around" entry for a brief look at the plant, Conrail refused to allow the compliance officer to conduct a full investigation several days later.
 
 
 3
 Shortly thereafter, Conrail filed its motion to quash the warrant claiming that OSHA does not have jurisdiction to investigate locomotive plants because the Federal Railroad Administration is vested with authority to prescribe appropriate regulations and standards for locomotive safety. Under the Occupational Safety and Health Act, OSHA has no jurisdiction to prescribe occupational safety standards for industries in which "other Federal agencies . . . exercise (such) statutory authority." 29 U.S.C. § 653(b)(1) (1976). Conrail claimed that due to this lack of jurisdiction, the scope of the inspection was unreasonable and OSHA lacked probable cause to conduct the inspection. OSHA then petitioned the court to adjudicate Conrail in civil contempt of the warrant.
 
 
 4
 Oral argument on the motion to quash, but not on the civil contempt petition, was held on November 30, 1979, and the order which is the subject of this appeal was issued December 13, 1979. The court, in denying the motion to quash, held that Conrail's challenge to the warrant was, in essence, a jurisdictional attack on OSHA's statutory authority, which should be raised by Conrail when it contested the finding of any violation in an appeal to the Occupational Safety and Health Review Commission. Marshall v. Consolidated Rail Corp., 7 OSHC (BNA) 2016 (W.D.Pa. Dec. 13, 1979). This would permit development of a factual record before the jurisdiction issue was decided.
 
 
 5
 The district court scheduled a show cause hearing for January 4, 1980 on OSHA's contempt petition, but continued that hearing pending Conrail's appeal, and issued a stay of the inspection warrant.
 
 III.
 
 6
 The general rule against appealability of orders similar to that appealed from here was applied in Alexander v. United States, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686 (1906), where the Court dismissed appeals from orders requiring officers of the defendant companies to produce books, papers and documents and to answer questions put to them in the underlying proceeding. The Court, holding the orders entered were interlocutory until the court exercised its power to punish the disobedience of the orders, stated:
 
 
 7
 Let the court go further and punish the witness for contempt of its order, then arrives a right of review, and this is adequate for his protection without unduly impeding the progress of the case.
 
 
 8
 Id. at 121, 26 S.Ct. at 357. The doctrine of finality, "a phase of the distribution of authority within the judicial hierarchy," will be enforced not only against a party to the litigation but against a witness who is a stranger to the main proceeding. Cobbledick v. United States, 309 U.S. 323, 330, 326, 60 S.Ct. 540, 543, 541 (1940). In United States v. Ryan, 402 U.S. 530, 532, 91 S.Ct. 1580, 1581, 29 L.Ed.2d 85 (1971), the Court reiterated the continued validity of the holding in Cobbledick "that one to whom a subpoena is directed may not appeal the denial of a motion to quash that subpoena but must either obey its commands or refuse to do so and contest the validity of the subpoena if he is subsequently cited for contempt on account of his failure to obey."
 
 
 9
 Conrail's contention that the holdings of these Supreme Court cases apply only to motions to quash grand jury subpoenas and not to denials of motions to quash warrants sought by administrative agencies is not persuasive. It has already been rejected by this court in Babcock and Wilcox Co. v. Marshall, 610 F.2d 1128 (3d Cir. 1979), where, in referring to an inspection warrant issued pursuant to the Occupational Safety and Health Act, we said:A denial of a motion to quash an inspection warrant should no more be appealable than is a denial of a motion to quash a grand jury subpoena, which has long been held to be not final and therefore not appealable. "Such an order generally lacks finality because it leaves to the subpoenaed party the decision whether or not to comply with the subpoena; and if that party does not comply it leaves to the other party the decision whether or not it is worthwhile to seek a citation for contempt in order to compel disclosure." In re Grand Jury Subpoena for New York State Income Tax Records, 607 F.2d 566, 569 (2d Cir. 1979).
 
 
 10
 Id. at 1133 (footnote omitted).
 
 
 11
 Conrail's reading of the Cobbledick decision as having "held" that the general rule of nonappealability is not applicable to judicial orders relating to evidence before administrative agencies is unsupported by anything we read in that opinion. Justice Frankfurter, writing for the Court, distinguished cases which had arisen under § 12 of the Interstate Commerce Act authorizing an independent proceeding to be brought in the district court to compel testimony from witnesses who refused to make disclosures before the Interstate Commerce Commission. In such a proceeding, the district court's direction to testify is the "end of a proceeding begun against the witness" and therefore appealable. 309 U.S. at 329-30, 60 S.Ct. at 543. The Interstate Commerce Act cases, also distinguished in the Alexander case, 201 U.S. at 121, 26 S.Ct. at 357, rested on specific statutory provisions inapplicable both in Cobbledick and here.
 
 
 12
 Although Conrail seeks to bring itself within this court's holding in Babcock and Wilcox where appeal was permitted, the situations are again distinguishable. In Babcock and Wilcox we held that where a motion to quash an inspection warrant was denied after the warrant was fully executed, the district court's order was appealable because "Babcock could not be held in contempt after a denial of its motion to quash, because there was nothing more that Babcock could be ordered to do, for the warrant had already been executed." Babcock and Wilcox Co. v. Marshall, 610 F.2d at 1133. Here, of course, there is something left for the district court to do, i. e., determine whether Conrail should be held in contempt, and there is something left for Conrail to do if there is such an adjudication, i. e., determine whether to purge itself or act expeditiously to appeal. See Marshall v. Whittaker Corp., 610 F.2d 1141, 1146 (3d Cir. 1979).
 
 
 13
 Conrail cites this court's opinion in In re Restland Memorial Park, 540 F.2d 626 (3d Cir. 1976), as having "squarely held" that a denial of a motion to quash an OSHA inspection warrant is appealable as a final decision. Although that opinion does not amplify this point, Judge Adams, who was the author, has subsequently explained that "Restland came to this Court on an appeal from an adjudication of contempt and denial of the cemetery's motion to quash an inspection warrant." Cerro Metal Products v. Marshall, 620 F.2d 964, 970 (3d Cir. 1980) (emphasis added). See also Marshall v. Whittaker Corp., 610 F.2d at 1144 n.4.
 
 
 14
 There are, of course, instances in which denial of immediate review would render impossible any review whatsoever of an individual's claim, and in that limited class of cases, exceptions to the general principle have been made. See United States v. Ryan, 402 U.S. at 533, 91 S.Ct. at 1582. None of these cases has relieved a party of the necessity of incurring a contempt citation as a prerequisite to appealability. But see United States v. Nixon, 418 U.S. 683, 691-92, 94 S.Ct. 3090, 3099, 41 L.Ed.2d 1039 (1974) (It would be "unseemly" to require the President of the United States to incur contempt in order "to trigger the procedural mechanism for review.") Conrail claims that we should now review the denial of the motion to quash because it might be unable to have its challenge to the underlying order reviewed even if it were cited for contempt. It poses two situations which it claims give rise to its vulnerability. First, it contends that it is not clear that an order adjudicating it to be in contempt would be appealable if the underlying order is not appealable. Second, it contends that were it cited for criminal contempt, it might not be able to defend on appeal on the grounds that the underlying order is invalid, referring to the language in United States v. United Mine Workers, 330 U.S. 258, 293-95, 67 S.Ct. 677, 695-696, 91 L.Ed. 884 (1947).
 
 
 15
 With regard to Conrail's first point, we need not engage in this case on an extended discussion of the circumstances under which one who is a party may appeal from a judgment of civil contempt. See 9 Moore's Federal Practice P 110.13(4) (2d ed. 1980). It suffices for our purpose to note that the instant action began as an independent proceeding by Conrail to quash an administrative warrant in which the Secretary petitioned for adjudication of civil contempt, and that if the court enters the judgment of contempt sought by the Secretary, there will be no further action for it to take. The judgment of contempt and the sentence, if any, will be the final judgment in the case. Conrail has cited no case holding that an appellate court under those circumstances will not entertain the merits of appellant's defense to the underlying order.
 
 
 16
 We find Conrail's second point equally unavailing. The Secretary has petitioned for an order holding Conrail in civil contempt, not criminal contempt. The distinction between the two for the purpose of obtaining judicial review of the validity of the underlying order was remarked upon in Blocksom & Co. v. Marshall, 582 F.2d 1122, 1124 (7th Cir. 1978). The Secretary's counsel has represented before us that instances in which criminal, rather than civil, contempt have been used to enforce OSHA have been exceedingly rare. We decline to make an exception to the general rule against nonappealability of orders denying motions to quash warrants on the mere hypothetical possibility that the district court, on its own motion, will convert the civil contempt proceeding into a criminal contempt proceeding, thereby depriving the appellate court of its ability to consider the merits of the underlying order. We will deal with that situation when and in the unlikely event that it materializes.
 
 
 17
 Conrail gives no reason why it is in any different position than that of other parties who have been compelled to bear the risk of contempt for noncompliance with an order compelling discovery. Its concerns about the reviewability of the underlying order are no different than those its many predecessors faced. Nonetheless, the courts have refused to expand the limited exceptions to the general principle of nonappealability of similar orders, in large part because of the sound jurisprudential basis for the general principle. See, e. g., Borden Co. v. Sylk, 410 F.2d 843 (3d Cir. 1969).
 
 
 18
 This case does reach us in a somewhat novel posture because the court bifurcated the proceedings on the motion to quash the inspection warrant and the citation for contempt, apparently because the Secretary's papers in support of the contempt citation were filed too late for consideration along with Conrail's motion. However, we cannot assume that nothing remains for consideration by the district court as part of the hearing on contempt. After the appeal in this matter was filed, this court held that the Secretary's regulations authorizing compulsory inspection warrants, 29 C.F.R. § 1903.4 (1979), did not empower OSHA to seek ex parte warrants. Cerro Metal Products v. Marshall, 620 F.2d at 979. Also, in Marshall v. North American Car Co., 626 F.2d 320 (3d Cir. 1980), we held that where an OSHA inspection is conducted under § 8(f) of the Occupational Safety and Health Act, 29 U.S.C. § 657(f) (1976), pursuant to an employee complaint, the scope of the inspection must bear an appropriate relationship to the violations alleged in the complaint. Whether either of these decisions has any applicability to the case at hand is a matter which may have to be considered by the district court. We hold merely that until there has been an adjudication of contempt, the court's order denying the motion to quash the inspection warrant is not a final judgment within the scope of 28 U.S.C. § 1291.
 
 
 19
 For the foregoing reasons, we will dismiss the appeal.
 
 
 
 *
 Honorable John B. Hannum of United States District Court for the Eastern District of Pennsylvania, sitting by designation