758 F.2d 146
 UNITED STATES of America, Plaintiff-Appellee,
v.
JAMES T. BARNES AND COMPANY, Midland Mortgage Corporation,
James T. Barnes, Jr., Estate of James T. Barnes, Sr., James
T. Barnes, Jr. Inter Vivos Trust Dated May 26, 1978, and
Coopers and Lybrand, Defendants-Appellants.
 No. 84-1220.
 United States Court of Appeals,
Sixth Circuit.
 Jan. 21, 1985.
Publication Ordered March 22, 1985.
 
 James K. Robinson, Peter M. Alter, Norman Ankers, James J. Walsh, Lead Counsel, Richard A. Rossman, Susan P. Carino, Detroit, Mich., for defendants-appellants.
 Joyce Branda, Commercial Litigation Branch, U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee.
 ORDER
 Before ENGEL, KENNEDY and CONTIE, Circuit Judges.
 
 
 1
 Upon consideration of the plaintiff's motion to dismiss this appeal for lack of jurisdiction, and further considering the response and reply submitted in relation thereto,
 
 
 2
 It is concluded that this Court lacks jurisdiction to entertain this appeal. Coopers & Lybrand can not appeal the district court's order because it did not submit to contempt for failure to comply with the subpoena duces tecum. Butcher v. Bailey, III Trustee, 753 F.2d 465 (6th Cir.1985); Dow Chemical v. Taylor, 519 F.2d 352 (6th Cir.1975). It can also not avail itself of the Perlman exception [Perlman v. United States, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918) ] to the final judgment rule because this exception was designed to allow the holder of the privilege and not the custodian of the documents to immediately appeal without being subject to contempt. See In Re: Grand Jury for New York State, ETC., 607 F.2d 566, 570 (2nd Cir.1979). The remaining defendants can also not avail themselves of the Perlman exception in this case because they already had the opportunity to seek an appeal under this exception in the First Circuit from the Puerto Rican district court's order denying their motion for a protective order. They were thus not "powerless to avert the mischief of the order." United States v. Ryan, 402 U.S. 530, 533, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85 (1971).
 
 
 3
 It is, accordingly, ORDERED that the plaintiff's motion to dismiss be and hereby is granted.