871 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FEDERAL DEPOSIT INSURANCE CORPORATION, In Its Receivership
Capacity, Plaintiff- Appellant
v.
AETNA CASUALTY INSURANCE COMPANY, Defendant-Appellee
 No. 88-6043.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1989.
 
 Before MERRITT and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiff, Federal Deposit Insurance Corporation, appeals the magistrate's order compelling two non-party witnesses to respond to questions propounded in the course of discovery depositions. The defendant, Aetna Casualty Insurance Company, now moves to dismiss this appeal on grounds that the order appealed from is a non-appealable interlocutory order. The FDIC opposes the motion.
 
 
 2
 This action arises out of seven cases brought in the Eastern District of Tennessee by the FDIC in its receivership capacity to collect on fidelity bonds issued by Aetna to five since-failed east Tennessee banks. Aetna filed a notice to take the deposition of two non-party witnesses residing in the Western District of Tennessee. Subpoenas were served by the District Court for the Western District of Tennessee. During the course of the depositions, the witnesses, Memphis attorneys Richard J. Buchignani and J. Stanley McNeese, refused to answer certain questions asserting an attorney-client privilege based upon prior limited representation of some of the banks in this litigation. Aetna moved to compel the attorneys to respond to questioning. The matter was referred to a magistrate who conducted factual findings and ordered Buchanan and McNeese to testify. The FDIC appealed the magistrate's order compelling testimony to this Court and sought a stay of the scheduled depositions. This Court denied the motion to stay by order entered September 26, 1988, and the depositions were conducted as scheduled on September 27 and 28, 1988. Aetna now moves to dismiss this appeal for lack of jurisdiction.
 
 
 3
 Under 28 USC Sec. 1291, this Court has jurisdiction to hear appeals from all final decisions of the district courts. A final judgment leaves nothing for the Court to do but execute on the judgment. Catlin v. United States, 324 U.S. 229, 233 (1945). It is well established that discovery orders are not final appealable orders. United States v. James T. Barnes & Co., 758 F.2d 146 (6th Cir.1985) (order); Butcher v. Bailey, 753 F.2d 465, 471 (6th Cir.1985); Dow Chemical Co. v. Taylor, 519 F.2d 352 (6th Cir.), cert. denied, 423 U.S. 1033 (1975). Accordingly,
 
 
 4
 It is ORDERED that the motion be granted and this appeal be dismissed for lack of jurisdiction.