UNITED STATES of America, Plaintiff,

v.

Steven CREA, Dominick Truscello, John Gammarano, Salvatore Lombardi, Gaetano Vastola, Manny Garafalo, and Steven Long, Defendants.

No. 93 CR 0506(SJ).

United States District Court,
E.D. New York.

May 16, 1994.

Paul Victor, Dublirer, Haydon, Straci & Victor, New York City, for Steven Crea.

Robert P. Leighton, New York City, for Dominick Truscello.

Joel Winograd, Winograd & Winograd, New York City, for John Gammarano.

Pam Metzger, The Legal Aid Soc., Federal Defenders Div., Brooklyn, NY, for Salvatore Lombardi.

Michael Rosen, Joy Vastola, New York City, for Gaetano Vastola.

Michael Macklowitz, New York City, for Manny Grafalo.

George Santangelo, Santangelo, Santangelo & Cohen, New York City, for Steven Long.

Herald Price Fahringer, Diarmuid White, Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, New York City, of counsel.

Zachary W. Carter, U.S. Atty., E.D.N.Y., Brooklyn, NY, by Bridget Rhode, Asst. U.S. Atty., for plaintiff.

### ORDER

JOHNSON, District Judge:

Before this Court is Gaetano Vastola's ("Vastola") motion to quash a grand jury subpoena issued to Rifkin, Levin & Leibowitz ("Rifkin"). This subpoena requires Rifkin to produce, for the years 1987 to the present, all federal and state tax returns, payroll records, 1099's, W–3s, workpapers, financial statements, check spreads, audit reports and other records of financial examinations, correspondence, memoranda, notes and copies of documents prepared for filing with any government or financial institution related to Vast Rand Inc., Gaetano Vastola, and Dorothy Vastola.

Vastola argues that this subpoena has been served to harass him and is improperly being used to prepare an already pending indictment for trial. The Government has responded that Vastola lacks standing to challenge the subpoena and that grand jury subpoenas are to be presumed proper. *United States v. R. Enterprises, Inc.*, 498 U.S. 292, 301, 111 S.Ct. 722, 728, 112 L.Ed.2d 795 (1991).

1. Vastola has clearly stated that his motion to quash is not based on any infringement of his Fourth or Fifth Amendment rights in the papers. Letter from Michael Rosen & Joy Vastola, Counsel for Gaetano Vastola, to Judge Sterling Johnson, Jr. (May 10, 1994). Only for such constitutional infringements have third parties been

This Court agrees that Vastola lacks standing to challenge this subpoena which was not served upon him but rather, upon a third-party. The subpoenaed records, while pertaining to Vastola, are not considered his and therefore he is not being compelled to do anything and lacks standing to challenge the subpoena.[1] Vastola has cited cases where an attorney's client has been held to have standing to quash a subpoena upon his attorney, *see In re Grand Jury Subpoenas Dated Dec. 10, 1987*, 926 F.2d 847, 853 (9th Cir.1991); *In re Grand Jury Subpoena Duces Tecum Dated January 2, 1985 (Simels)*, 767 F.2d 26, 28–29 (2d Cir.1985); *In re Grand Jury Proceedings (Katz)*, 623 F.2d 122, 125 (2d Cir.1980). However, these cases involve the attorney-client privilege, no privilege has been held to exist between a client and an accountant. *See United States v. Bein*, 728 F.2d 107 (2d Cir.1984).

### CONCLUSION

It is hereby ordered that Vastola's motion for to quash a subpoena duces tecum is hereby DENIED.

SO ORDERED.

granted standing to appeal third-party subpoenas. *See Perlman v. United States*, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918); *In re Katz*, 623 F.2d 122 (2d Cir.1980); *In re Grand Jury Subpoena for New York State Income Tax Records*, 607 F.2d 566, 570 (2d Cir.1979).