103 F.3d 128
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anita BOWEN; Alicia Wilson; Pamela Henry, Plaintiffs-Appellees,
v.
Todd ZACK; City of Elyria, Defendants,
State of Ohio; Lorain County Court of Common Pleas, Appellants.
 Nos. 96-4156, 96-4226.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1996.
 
 N.D.Ohio, No. 95-00485; Kathleen M. O'Malley, Judge.
 N.D.Ohio
 DISMISSED.
 Before: JONES, NELSON, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 In this civil rights action, the district court ordered the Lorain County prosecutor and the Lorain County Common Pleas Court to release certain grand jury testimony. The state of Ohio and the Lorain County Court of Common Pleas have appealed from that order. (Case No. 96-4156). The district court subsequently corrected a date within the order, and the appellants filed a second notice of appeal. (Case No. 96-4226). Now before this court are the appellants' motion for a stay pending appeal and the plaintiffs' motion to dismiss the appeal, as well as responses in opposition to each motion.
 
 
 2
 This court has jurisdiction in appeals from final decisions of the district courts. 28 U.S.C. § 1291. An exception to this rule of finality is found in the collateral order doctrine which allows an immediate appeal of a small class of orders "... which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Cohen v. Beneficial Indust. Loan Corp., 337 U.S. 541, 546 (1949).
 
 
 3
 The typical discovery order does not fall within the "small class" of orders contemplated by Cohen. See Dow Chemical Co. v. Taylor, 519 F.2d 352, 354 (6th Cir.), cert. denied, 423 U.S. 1033 (1975). Discovery orders need not evade review, and they do not necessarily present the final word on the issue. A party may obtain review of a discovery order by violating the order and incurring sanctions or a finding of contempt. Id.; Coleman v. American Red Cross, 979 F.2d 1135, 1138 (6th Cir.1992). That order is then appealable. Id.
 
 
 4
 The appellants cite Church of Scientology of California v. United States, 506 U.S. 9 (1992), and Perlman v. United States, 247 U.S. 7 (1918), as providing authority for this appeal. In Church of Scientology, the Court restated the rules of appealability with respect to discovery orders. Under the "so-called Perlman doctrine ... a discovery order directed at a disinterested third party is treated as an immediately appealable final order because the third party presumably lacks a sufficient stake in the proceeding to risk contempt by refusing compliance." Church of Scientology, 506 U.S. at 17 n. 11. This court has not interpreted this rule as allowing an immediate appeal by every third party that is directed to comply with a discovery order. Rather, if the person with custody of the information has no interest in the right against disclosure that is being asserted, then Perlman allows an appeal without the necessary step of submitting to contempt. See, e.g., In re Grand Jury Proceedings--Gordon, Witness, 722 F.2d 303 (6th Cir.1983), cert. denied, 467 U.S. 1246 (1984). The Perlman exception "was designed to allow the holder of the privilege and not the custodian of the documents to immediately appeal without being subject to contempt." United States v. James T. Barnes and Co., 758 F.2d 146 (6th Cir.1985).
 
 
 5
 The fact that the party asserting the privilege and holding the documents is a state party does not lead to a different conclusion. Bennett v. City of Boston, 54 F.3d 18, 20 (1st Cir.1995); Corporacion Insular de Seguros v. Garcia, 876 F.2d 254 (1st Cir.1989); In re Grand Jury Subpoena for New York State Income Tax Records, 607 F.2d 566 (2d Cir.1979). We thus conclude that the district court's order is not a final and appealable order.
 
 
 6
 Therefore, it is ORDERED that the motion to dismiss Case No. 96-4156 is granted. Case No. 96-4226 is dismissed sua sponte for the same reasons. The motion to stay is denied as moot.
 
 
 7
 DAVID A. NELSON, Circuit Judge, dissenting.
 
 
 8
 As the Court of Appeals for the Second Circuit noted in In re Grand Jury Subpoena for New York State Income Tax Records, 607 F.2d 566, 571 (1979), "the Fifth Circuit ... allows immediate appeal by a government from a disclosure order when a governmental privilege is asserted and the government is not a party to the action. See, e.g., Cates v. LTV Aerospace Corp., 480 F.2d 620, 622 (5th Cir.1973) [other citations omitted]." The Fifth Circuit approach--which has long been followed in the Tenth Circuit, see Covey Oil Co. v. Continental Oil Co., 340 F.2d 993 (10th Cir.1965)--corresponds to the rule followed in the Seventh Circuit. See Socialist Workers Party v. Grubisic, 604 F.2d 1005 (7th Cir.1979).
 
 
 9
 I believe that it is unseemly for our court to require the Common Pleas Court of Lorain County, Ohio, to disobey the order of the federal district court as a condition to obtaining appellate review of that order. See United States v. Nixon, 418 U.S. 683 (1974). The rule followed in the Fifth, Seventh, and Tenth Circuits is preferable to that followed in the Second and First Circuits, in my view, and I would therefore deny the motion to dismiss.