Charles E. SWEENEY and Adele Schenberg on behalf of themselves and all other persons similarly situated; Rory Riddler; Dorothy Light; Juanita Briggs, Appellants,

v.

Christopher S. (Kit) BOND, individually and as Governor of the State of Missouri; Ray S. James, individually and as Director of the Department of Revenue of the State of Missouri; Ernestine Beckman; Gerard J. Schmidt, Appellees.

Charles E. SWEENEY and Adele Schenberg on behalf of themselves and all other persons similarly situated; Rory Riddler; Dorothy Light; Juanita Briggs, Appellees,

v.

Christopher S. (Kit) Bond, individually and as Governor of the State of Missouri; Ray S. James, individually and as Director of the Department of Revenue of the State of Missouri; Ernestine Beckman; Gerard J. Schmidt.

Ellie O'DONNELL; Denise Funderburk and Terry Cole, Appellants.

Charles E. SWEENEY and Adele Schenberg on behalf of themselves and all other persons similarly situated; Rory Riddler; Dorothy Light; Juanita Briggs, Appellees,

v.

Christopher S. (Kit) Bond, individually and as Governor of the State of Missouri; Ray S. James, individually and as Director of the Department of Revenue of the State of Missouri.

Ernestine BECKMAN and Gerard J. Schmidt, Appellants.

Bert STEWART, Appellant,

v.

Christopher S. (Kit) BOND, Individually and as Governor of the State of Missouri and Ray S. James, Individually and as Director of the Department of Revenue of the State of Missouri, Appellees.

---

Bert STEWART, Appellee,

v.

Christopher S. (Kit) Bond, Individually and as Governor of the State of Missouri; and Ray S. James, Individually and as Director of the Department of Revenue of the State of Missouri.

Delores COOK, Appellant.

Mary Jane JOOS, Appellant,

William Otto Haag, Jr.,

v.

Christopher S. (Kit) BOND, Individually and as Governor of the State of Missouri; Ray S. James, Individually and as Director of the Department of Revenue of the State of Missouri, Appellees.

Nos. 81–1815 to 81–1817, 81–1878, 81–1906 and 81–2154.

United States Court of Appeals, Eighth Circuit.

Jan. 13, 1982.

Rehearing and Rehearing En Banc in No. 81–1815 Denied Feb. 4, 1982.

Irl B. Baris, argued, St. Louis, Mo., Frederick W. Drakesmith, Cundiff, Turken, Londoff & Drakesmith, St. Charles, Mo., for appellants Sweeney, Schenberg, Riddler, Light and Briggs.

John Ashcroft, Atty. Gen., Michael L. Boicourt, argued, Asst. Atty. Gen., Jefferson City, Mo., for appellees Bond and James.

Leland B. Curtis, Kenneth M. Romines, argued, Clayton, Mo., for appellants Ernestine Beckman, et al.

Daniel M. Scott, Federal Public Defender, D. Minnesota, Minneapolis, Minn., for appellant Larry Hopping.

Michael T. Cady, Anthony J. Coultas, St. Louis, Mo., for appellant Bert Stewart.

Before ROSS and STEPHENSON, Circuit Judges, and HOWARD,* District Judge.

ROSS, Circuit Judge.

Plaintiffs in these consolidated cases alleged they were dismissed from their positions as fee agents for the State of Missouri because of their political affiliation and in violation of the first amendment. The district courts [1] in separate memoranda [2] held that fee agents were not state employees and thus were not protected from dismissal based on political affiliation. We affirm.

*Facts*

■ Plaintiffs were fee agents [3] for the Missouri Department of Revenue. All of the plaintiffs were active Democrats and all were appointed as fee agents during the administration of former Governor Joseph Teasdale, also a Democrat. Defendant Christopher Bond is presently the Governor of Missouri. Defendant Ray James was appointed by Governor Bond as the Director of Revenue. Both Bond and James are Republicans. Additional defendants in this action are persons appointed by James as successor fee agents. The majority of the successor fee agents are Republicans.

Plaintiffs alleged their dismissals [4] were based solely on their political affiliation and requested declaratory and injunctive relief and both compensatory and exemplary damages. The district courts denied plaintiffs relief and this appeal followed.

*Discussion*

Plaintiffs assert they are protected from dismissal based solely on their political affiliation [5] by the Supreme Court's holdings in *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) and *Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980). In *Elrod*, the Court held that

> public employees who allege that they were discharged or threatened with discharge solely because of their partisan political affiliation or nonaffiliation state[d] a claim for deprivation of constitutional rights secured by the First and Fourteenth Amendments.

*Elrod v. Burns, supra*, 427 U.S. at 349, 96 S.Ct. at 2678. The Court in *Branti* applying the principles of *Elrod* held that the termination of an assistant public defender "on

---

* The Honorable George Howard, Jr., United States District Judge, Eastern and Western Districts of Arkansas, sitting by designation.

1. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri. The Honorable H. Kenneth Wangelin, United States District Judge for the Eastern District of Missouri.

2. *Sweeney v. Bond*, 519 F.Supp. 124 (E.D.Mo. 1981) was rendered by Judge Cahill on May 19, 1981. *Joos v. Bond*, 526 F.Supp. 780 (E.D. Mo.,1981) was written by Judge Hungate. *Stewart v. Bond*, No. 81–0811–C(1) (E.D.Mo., filed Oct. 13, 1981) was written by Judge Wangelin. Reference to the district courts' proceedings will be to Judge Cahill's opinion which is representative of the other opinions.

3. Fee agents are authorized under Mo.Rev.Stat. § 136.055 to issue motor vehicle licenses and to collect motor vehicle sales and use taxes as agents of the Department of Revenue. Fee agents receive no salary from the Department of Revenue but are authorized to charge the customer one dollar for each transaction as compensation for their services.

4. The defendants have agreed to postpone the effective dates of the terminations pending the outcome of these cases.

5. The district court held that "partisan political affiliation played a substantial role in all of the dismissals." *Sweeney v. Bond*, 519 F.Supp. 124, 130 (E.D.Mo.1981). On appeal defendants do not dispute the political motivation of the dismissals.

purely political grounds" violated the first and fourteenth amendments. *Branti v. Finkel, supra,* 445 U.S. at 520, 100 S.Ct. at 1296.

Defendants assert that *Elrod* and *Branti* have no applicability to the terminations of fee agents because those cases addressed only the terminations of public employees and fee agents are not employees of the State of Missouri. Defendants further argue that even if the holdings in *Elrod* and *Branti* apply to the dismissal of fee agents, fee agents are not protected from termination because party affiliation is an appropriate requirement for the effective performance of the office. We agree with both of defendants' arguments.

### A. Applicability of *Elrod* and *Branti* to nonemployees.

*Elrod v. Burns, supra,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547, involved the traditional practice of the Sheriff of Cook County, Illinois, of replacing non-civil-service employees of the Sheriff's office with members of his own party, upon assuming office. The plurality opinion, by Justice Brennan, restricted the issue addressed by the Court to the constitutionality of dismissing public employees for partisan reasons:

The Cook County Sheriff's practice of dismissing employees on a partisan basis is but one form of the general practice of political patronage. The practice also includes placing loyal supporters in government jobs that may or may not have been made available by political discharges. Nonofficeholders may be the beneficiaries of lucrative government contracts for highway construction, buildings, and supplies. Favored wards may receive improved public services. Members of the judiciary may even engage in the practice through the appointment of receiverships, trusteeships, and refereeships. Although political patronage comprises a broad range of activities, *we are here concerned only with the constitutionality of dismissing public employees for partisan reasons.*

427 U.S. at 353, 96 S.Ct. at 2679 (emphasis added) (footnote omitted).

The opinion of the concurring Justices stated that:

The single substantive question involved in this case is whether a nonpolicy-making, nonconfidential government employee can be discharged or threatened with discharge from a job that he is satisfactorily performing upon the sole ground of his political beliefs.

427 U.S. at 375, 96 S.Ct. at 2690.

As in *Elrod* the issue presented in *Branti v. Finkel, supra,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574, was the dismissal of public employees for partisan reasons. There, the Court stated that the issue was

whether the First and Fourteenth Amendments to the Constitution protected an assistant public defender who is satisfactorily performing his job from discharge solely because of his political beliefs.

445 U.S. at 508, 100 S.Ct. at 1289. That assistant public defenders were public employees was not a disputed fact in *Branti.*

We agree with defendants and the district courts that the holdings in *Elrod* and *Branti* were limited to dismissals of public employees for partisan reasons. We are not willing to extend the patronage decisions to cases which do not involve public employees. Thus, the principal inquiry becomes whether fee agents are public employees.

The district courts in the present cases held that "fee agents are not employees of the State of Missouri but are more in the nature of independent contractors or franchisees." *Sweeney v. Bond,* 519 F.Supp. 124, 128 (E.D.Mo.1981). The finding that fee agents are not public employees is well supported by the facts presented at trial. The Department of Revenue does not supervise the daily operations of the fee agencies, does not require the fee agents to account for fees collected and does not supervise the hiring and firing of employees within the offices. Fee agents are not paid by the state and are not required to work in their offices. Fee agents pay all of their own expenses, including rent, employees' salaries and office equipment. Fee agents

pay self-employment taxes and are not members of the state retirement system. Many fee agents hire others to supervise employees in the fee agent's office and do not participate directly in the operation of the office.

We affirm the holding of the district court that "[s]ince fee agents are not state employees, they are not protected from dismissal because of their political affiliations." *Id.* at 129.

B. Party affiliation as an appropriate requirement for effective performance.

■ Although we base our affirmance of the district courts' opinions on our holding that fee agents are not protected under *Elrod* and *Branti* we believe defendants' second contention deserves discussion. Defendants' second argument is that if *Elrod* and *Branti* do apply to dismissal of fee agents, the fee agents may still be terminated because party affiliation is an appropriate requirement for the effective performance of the offices.

In *Branti v. Finkel, supra,* 445 U.S. at 517, 100 S.Ct. at 1294, the Court stated that "*Elrod* recognize[d] that party affiliation may be an acceptable requirement for some types of government employment." The burden is on the hiring authority to "demonstrate that party affiliation is an appropriate requirement for the effective performance of the public office involved." *Id.* at 518, 100 S.Ct. at 1294. We believe defendants in this case have carried their burden.

The district court held that party affiliation was an appropriate requirement for the position of fee agent because fee agents

serve as selected emissaries of the incumbent administration and thus reflect its concern for courtesy, efficiency, and integrity. Unlike civil servants who remain during all administrations, the fee agents are symbols of the governor's office who do not bring the usual disadvantages of patronage employees to their posts. The unique structure of the fee

agent position minimizes the usual deficiencies of patronage.

*Sweeney v. Bond, supra,* 519 F.Supp. at 129.

Fee agents are not required to work in their offices. They are free to delegate duties of the offices to workers hired by the fee agent. Thus fee agents can continue to actively participate in political activities free of the restrictions of a civil service code and without interruption of service to the fee agency. There is no cost to the government of the fee agents' service as the cost is borne by the customer. There are 158 fee agent offices in Missouri, the vast majority of which are now operated by Democrats; in 1980 there were over 4.5 million transactions between fee agents and citizens of Missouri. Fee agents are traditionally looked upon as representatives of the incumbent governor. Many spend much of their time in this way and are not restricted in their active pursuit of party politics by the confines of their fee agent offices. We hold that political affiliation is an appropriate requirement for the effective performance of fee agents and has been so regarded by both Democrats and Republicans for many years.

*Additional Issues*

Three additional issues were raised on appeal: (1) whether the district court erred by refusing to require Governor Bond to submit to deposition; (2) whether successor fee agents should have been allowed to intervene; and (3) whether the district court erred by entering an injunction against defendants pending appeal.

■ The district court held that the Governor's qualified immunity protected him from deposition absent a showing by plaintiffs of specific need. Plaintiffs failed to show that Governor Bond possessed information which was essential to plaintiffs' case and which could not be obtained from Director James or other staff members. The district court did not abuse its discretion in requiring plaintiffs to show specific need for the information. *See Halperin v. Kissinger,* 606 F.2d 1192, 1209–10 n.120 (D.C.Cir.1979), *aff'd,* 452 U.S. 713, 101 S.Ct. 3132, 69 L.Ed.2d 367 (1981).

■ Successor fee agents sought to intervene after final judgment was entered. The district court held that the application was untimely under Fed.R.Civ.P. 24 and that defendants Bond and James adequately represented the interests of the successor fee agents. We do not find an abuse of discretion in the denial of the application for intervention.

■ The district court granted an injunction pending appeal under Fed.R.Civ.P. 62(c). The court analyzed the four elements set out in *Kansas City Royals Baseball Corp. v. Major League Baseball Players Ass'n*, 409 F.Supp. 233, 263 (W.D.Mo.1976) concerning injunctions on appeal and concluded that these cases presented questions of first impression and the risk of harm to plaintiffs outweighed possible harm to defendants or the public. We agree generally with the courts' determination of this issue and affirm the granting of the injunction pending appeal. However, we direct that the injunctions now be lifted in carrying out the terms of this opinion.

The judgments of the district courts are affirmed.