671 F.2d 303
 FOX & COMPANY, a partnership; F. H. Brandhorst; W. J. Grace;
W. Knepper; A. L. McWilliams; S. Salniker; and D.
M. Schuessler, Appellants,
v.
Vincent SCHOEMEHL, individually and as Mayor of the City of
St. Louis; John Temporiti, individually and as
Chief of Staff of Mayor Vincent
Schoemehl; Peat, Marwick,
Mitchell & Co., Appellees.
 No. 81-1884.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 14, 1982.
Decided Feb. 24, 1982.
 
 Lewis, Rice, Tucker, Allen & Chubb, Andrew Rothschild, St. Louis, Mo., for respondent Peat, Marwick, Mitchell & Co.
 Joseph R. Niemann, City Counselor, Judith A. Ronzio, argued, Associate City Counselor, St. Louis, Mo., for appellees Schoemehl and Temporiti.
 Carroll J. Donohue, argued, Mark G. Arnold, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, Mo., for appellants.
 Before BRIGHT, ROSS and STEPHENSON, Circuit Judges.
 ROSS, Circuit Judge.
 
 
 1
 Plaintiffs brought this action under 42 U.S.C. § 1983 alleging that plaintiffs were dismissed from their positions as city auditors for the City of St. Louis, Missouri for political reasons in violation of the first amendment. The district court[1], 519 F.Supp. 849, held that because plaintiffs were not public employees they were not protected from political dismissal. We affirm.
 
 FACTS
 
 2
 Plaintiffs are a public accounting firm and its partners. They were appointed by Mayor James F. Conway of the City of St. Louis, Missouri to audit the books and records of the St. Louis Board of Education for the fiscal year ended June 30, 1981. Mayor Conway appointed plaintiffs pursuant to Mo.Rev.Stat. § 165.181 (1981) which states in relevant part:
 
 
 3
 At the close of each fiscal school year, the mayor of the city shall appoint one or more expert accountants, who shall examine the books, accounts and vouchers of the secretary and treasurer, auditor, commissioner of school buildings and all other departments of expenditure of the board of the metropolitan district and shall make due report thereof to the mayor and board of education of the city.
 
 
 4
 Following the election of defendant Vincent Schoemehl as mayor, plaintiffs were dismissed as city auditors and were replaced by defendants, Peat, Marwick, Mitchell & Co.
 
 
 5
 Count I of plaintiffs' complaint alleged that defendant Vincent Schoemehl and his Chief of Staff, John Temporiti, dismissed plaintiffs as city auditors solely because of plaintiffs' political affiliation. Plaintiffs stated that they had not supported Mayor Schoemehl in his mayoral campaign whereas Peat, Marwick, Mitchell & Co. had made financial contributions to the campaign. Counts II and III charged defendants Schoemehl, Temporiti and Peat, Marwick, Mitchell & Co. with tortious interference with plaintiffs' contractual rights.
 
 
 6
 The district court in an order and memorandum dated August 7, 1981, dismissed Count I for failure to state a cause of action. Counts II and III were dismissed for lack of federal subject matter jurisdiction because the contract claims were pendent to Count I. Plaintiffs appeal.
 
 DISCUSSION
 
 7
 Plaintiffs argue they are protected from dismissal based on their political affiliation by the Supreme Court's holdings in Elrod v. Burns, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) and Branti v. Finkel, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980). In Elrod the Supreme Court held that political dismissal of nonconfidential, nonpolicymaking, public employees violated the first amendment. Elrod v. Burns, supra, 427 U.S. at 349, 96 S.Ct. at 2678. Branti v. Finkel, supra, 445 U.S. at 520, 100 S.Ct. at 1295. Defendants argue that Elrod and Branti do not protect plaintiffs from political dismissal because plaintiffs are not public employees. We agree with defendants.
 
 
 8
 In Sweeney v. Bond, 669 F.2d 542, at 545 (8th Cir. 1982), reh'g denied (Feb. 4, 1982), this court stated that "Elrod and Branti were limited to dismissals of public employees for partisan reasons. We are not willing to extend the patronage decisions to cases which do not involve public employees." Taking the facts as alleged in the complaint to be true[2] we must assume that Mayor Schoemehl's dismissal of plaintiffs was politically motivated. Additionally, the parties do not dispute the fact that plaintiffs are not public employees but are independent contractors. Therefore, based on this court's recent decision in Sweeney, we affirm the district court's dismissal of plaintiffs' complaint.[3]
 
 
 9
 The plaintiffs' complaint is dismissed for the reasons that Count I fails to state a cause of action and Counts II and III do not support independent federal subject matter jurisdiction.[4]
 
 
 
 [1]
 The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 Nickens v. White, 536 F.2d 802, 803 (8th Cir. 1976)
 
 
 [3]
 Plaintiffs argue that the Supreme Court's decision in Lefkowitz v. Turley, 414 U.S. 70, 94 S.Ct. 316, 38 L.Ed.2d 274 (1973) is controlling in this case. In Lefkowitz the Court held that a state could not compel testimony in violation of the fifth amendment under the threat of loss of government contracts. The Court held that contractors as well as employees were protected by the fifth amendment. Id. at 83, 94 S.Ct. at 325. We decline to extend Lefkowitz's fifth amendment protection of contractors to the present first amendment case. We note that the Supreme Court limited its rulings in Elrod v. Burns, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) and Branti v. Finkel, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980) to public employees. It is not for this court to expand upon that ruling
 We note further that Chief Justice Burger and Justices Stewart, Powell and Rehnquist joined Justice White in the Lefkowitz case holding that a state could not compel testimony in violation of the fifth amendment. Chief Justice Burger and Justices Powell and Rehnquist dissented in Elrod, arguing that the governmental interest in a patronage system outweighed a public employee's first amendment rights. Elrod v. Burns, supra, 427 U.S. at 387, 96 S.Ct. at 2696. In Branti, Justices Stewart, Powell and Rehnquist dissented, again arguing that the government had a significant interest in the patronage system. It is therefore apparent that a different analysis may apply in weighing governmental interests against first amendment rights, as in cases such as this, and against fifth amendment rights as were at issue in Lefkowitz.
 
 
 [4]
 The parties indicated at oral argument that a breach of contract action had been filed in state court based on the facts alleged in the present complaint. This court's decision in no way affects the validity of any possible contractual claims which may exist under state law. We find only that the complaint fails to state a cognizable claim under federal law