**In re OFFICE OF INSPECTOR GENERAL, RAILROAD RETIREMENT BOARD, Attorney General of the United States; and the United States of America, Petitioners.**

**No. 91–1433.**

United States Court of Appeals, Fifth Circuit.

May 28, 1991.

John C. Hoyle, Barbara C. Biddle, Attys., Dept. of Justice, Appellate Staff, Civ.Div., Washington, D.C., for U.S.

Thomas J. Knapp, Lawrence Stroik, Burlington Northern R. Co., Fort Worth, Tex., Robert W. Blanchette, Janel L. Bartelmay, Assoc. of American RR., Robert L. Ginsburg, McDonald, Sanders, Ginsburg, Newkirk, Gibson & Webb, Fort Worth, Tex., for Burlington N.R. Co.

Before POLITZ, DAVIS and BARKSDALE, Circuit Judges.

BY THE COURT:

IT IS ORDERED that the petition for writ of mandamus be GRANTED. The district court is instructed to: (1) vacate its order which permits unlimited discovery by Burlington Northern and directs the government to comply with the railroad's discovery requests; (2) promptly address and decide the action for enforcement of the Inspector General's administrative subpoena to Burlington Northern; and (3) pending resolution of the enforcement action, defer and suspend all activity, specifically including discovery, in the consolidated suit by Burlington Northern for declaratory judgment, injunctive relief, and damages.

Judicial review of an administrative subpoena in an enforcement action is limited and is to be handled summarily and with dispatch. *In re EEOC,* 709 F.2d 392 (5th Cir.1983); *see also EEOC v. K-Mart,* 694 F.2d 1055 (6th Cir.1982). The trial court consolidated the government's enforcement action with Burlington Northern's suit for declaratory and injunctive relief and damages. Prior to the final resolution of the government's action for enforcement of the administrative subpoena, the railroad may not maintain an action which seeks, *inter alia,* an injunction of that subpoena. *Reisman v. Caplin,* 375 U.S. 440, 449–50, 84 S.Ct. 508, 513–14, 11 L.Ed.2d 459 (1964); *Atlantic Richfield Co. v. FTC,* 546 F.2d 646 (5th Cir.1977). Accordingly, the district court must defer all further action in the railroad's suit pending the final resolution of the action to enforce the administrative subpoena. Because Burlington Northern has an adequate remedy in the defense of the subpoena enforcement action, the separate and independent action to enjoin the administrative subpoena is foreclosed. *Reisman v. Caplin.* The railroad cited to the district court *Marshall v. Barlow's, Inc.,* 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978), and *Abbott Laboratories v. Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), in support of its discrete litigation. Those cases are inapposite for the railroad has made no showing of comparable prejudice which would justify pre-enforcement judicial intervention.

As noted, subpoena enforcement actions are intended to be summary and are designed to secure quick judicial review of administrative activities. Consistent therewith, discovery is allowed in only the exceptional cases "where the circumstances indicate that further information is necessary for the courts to discharge their duty." *SEC v. Dresser Indus.,* 628 F.2d 1368, 1388 (D.C.Cir.) (en banc) (citations omitted), *cert. denied,* 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980). The sepa-

rate but consolidated action by Burlington Northern may not serve as the basis for broader discovery than that which is permitted in subpoena enforcement actions.

As a general rule, "a defendant is not 'entitled to engage in counter-discovery to find grounds for resisting' a subpoena...." *In re EEOC*, 709 F.2d at 400 (citations omitted). A limited amount of discovery may be allowed if, for example, "the defendant 'makes a preliminary and substantial demonstration of abuse,' that is, where the defendant has presented 'meaningful evidence' that the agency is attempting to abuse its investigative authority. Anything short of this showing is not enough...." *Id.* (citations omitted). In considering the issue of the scope and range of discovery in enforcement actions, courts "'must be cautious in granting ... discovery rights, lest they transform subpoena enforcement proceedings into exhaustive inquisitions into the practices of the regulatory agencies.'" *United States v. Aero Mayflower Transit Co.*, 831 F.2d 1142, 1147 (D.C.Cir.1987) (quoting *Dresser*, 628 F.2d at 1388).

In the case at bar Burlington Northern asserts that the administrative subpoena should not be enforced because the Inspector General lacks the statutory authority to conduct the planned audit of the railroad. Such a defense to the enforcement action requires that the court interpret the relevant statutes; little if any discovery should be required in that endeavor.

Upon its further consideration, should the district court determine that Burlington Northern is to be permitted a limited, measured amount of discovery in the enforcement action, it shall remain mindful of the requirement that exceptional circumstances must exist before the involuntary depositions of high agency officials are permitted. *EEOC v. K-Mart*, 694 F.2d at 1067–68. We agree with our D.C. Circuit colleagues that "top executive department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions." *Simplex Time Recorder Co. v. Secretary of Labor*, 766 F.2d 575, 586 (D.C.Cir.1985) (citing *United States v. Mor-gan*, 313 U.S. 409, 422, 61 S.Ct. 999, 1004–05, 85 L.Ed. 1429 (1941)); *cf. Sweeney v. Bond*, 669 F.2d 542 (8th Cir.), *cert. denied*, 459 U.S. 878, 103 S.Ct. 174, 74 L.Ed.2d 143 (1982); *Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226 (9th Cir.1979); *United States Bd. of Parole v. Merhige*, 487 F.2d 25 (4th Cir. 1973), *cert. denied*, 417 U.S. 918, 94 S.Ct. 2625, 41 L.Ed.2d 224 (1974). Further, we have concluded that it is normally inappropriate to "probe the mental processes and motives of the individual decision-maker, rather than to question the objective legal validity of the institutional decision." *Kent Corp. v. NLRB*, 530 F.2d 612, 620 (5th Cir.), *cert. denied*, 429 U.S. 920, 97 S.Ct. 316, 50 L.Ed.2d 287 (1976).

This matter is returned to the district court for further proceedings consistent herewith. The mandate shall issue forthwith.