**In re UNITED STATES of AMERICA, Petitioner.**

**No. 93–4147.**

United States Court of Appeals, Eleventh Circuit.

Feb. 23, 1993.

Mark B. Stern, Civ. Div., Dept. of Justice, Washington, D.C., for U.S.

Michael S. Pasano, Zückerman, Spaeder, Taylor & Evans, Miami, FL, for Kent.

Richard Essen, Essen & Essen, N. Miami Beach, FL, for Faloon.

Before KRAVITCH, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Before us is the government's emergency petition for a writ of mandamus requesting that we quash a subpoena for a witness in the case of *United States of America v. Faloon,* No. 91–0221 (S.D.Fla. filed Nov. 2,

1991). Defendants William Faloon and Saul Kent were indicted for introducing unapproved drugs, misbranded drug products and misbranded prescription drugs into interstate commerce in violation of 21 U.S.C. §§ 333(a)(2), 353(b)(1), 331(a), 333(b) and 18 U.S.C. § 542. Pending before the district court is the defendants' motion to dismiss the indictment on the ground of selective prosecution. The defendants claim that the Food and Drug Administration (FDA) has failed to prosecute others similarly situated, specifically groups which have imported and distributed drugs not yet approved by the FDA. To substantiate this claim, defendants subpoenaed Dr. David Kessler, Commissioner of the FDA.

The magistrate denied the government's motion to quash the subpoena, ruling that Dr. Kessler may testify by telephone and is required to be available for thirty minutes. The district court denied the government's appeal of the magistrate's order. The government then filed a motion asking this court to issue a mandamus order compelling the district court to quash the subpoena. Pursuant to a request from this court, defendants filed a response to the government's motion.

■■■ We recognize that mandamus is an extraordinary remedy and will not lie if other remedies are available. *See In re Fink*, 876 F.2d 84 (11th Cir.1989); *U.S. v. Denson*, 603 F.2d 1143 (5th Cir.1979); *Huckeby v. Frozen Food Exp.*, 555 F.2d 542 (5th Cir.1977).[1] Generally, an appellate court will not order a district court to quash a subpoena for a witness to testify as the witness can appeal a contempt citation if he or she fails to respond to the subpoena. As a rule, this occurs in the context of grand jury testimony. *See United States v. Ryan*, 402 U.S. 530, 533, 91 S.Ct. 1580, 1581–82, 29 L.Ed.2d 85 (1971); *In re Fine*, 641 F.2d 199, 201 (5th Cir. Unit A 1981).

An exception, however, has been recognized if the witness is a high government official. In *United States v. Nixon*, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974), the Supreme Court found an exception when the President has been subpoenaed. The Court reasoned that to force the President to incur a contempt order would be unseemly and would cause an unnecessary confrontation between two coequal branches of the government. In addition, the issue of whether the President can be cited for contempt would have to be litigated, incurring further delay in reaching the underlying claims. *Id.* at 691–92, 94 S.Ct. at 3099. Due to these considerations, the Court held that the issue was properly before the Court of Appeals without a contempt order.

At least two circuits have acknowledged that some of the *Nixon* factors can be relevant in cases of high officials who do not have the President's status. In a case involving a contempt citation against the Attorney General, the Second Circuit held that although the *Nixon* rule did not apply to an official without the executive responsibilities of the President, the court had jurisdiction to issue the writ of mandamus because a contempt sanction "raised separation of powers overtones, and warranted more sensitive judicial scrutiny than such a sanction imposed on an ordinary litigant." *In Re Attorney General*, 596 F.2d 58, 64 (2d Cir.1979). In *United States v. Winner*, 641 F.2d 825 (10th Cir.1981), the Tenth Circuit noted that the positions of the subpoenaed witnesses, the Deputy Attorney General and Assistant Attorney General, did not bring them within the rule stated in *Nixon;* however, they were "high level public officials of a coequal branch of government exercising power entrusted to them by both the legislative and executive departments." *Id.* at 830. This factor, as well as the important interests and issues presented, merited invocation of the *Winner* court's jurisdiction to issue a mandamus order. *Id.*

■ Similarly, this case involves a high level official who does not come within the *Nixon* exemption per se, but who is the head of an important executive agency

---

1. The Eleventh Circuit, in an en banc decision, *Bonner v. City of Pritchard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

charged with ensuring the health and safety of the public. Requiring the FDA Commissioner to fight the subpoena by placing himself in contempt implicates separation of powers concerns and would harm the public perception of the FDA. The Commissioner would have to take valuable time away from other tasks in deciding whether to incur the sanction of the court. In addition, requiring the Commissioner to disobey an order of the court would prolong the litigation of this tangential issue and delay the trial of the underlying criminal offense. Because of the importance of the issue presented and the serious implications of forcing the FDA Commissioner to incur a contempt sanction before granting review, we hold that a writ of mandamus, if warranted, is the appropriate remedy.

As to the merits of this mandamus claim, the Supreme Court has indicated that the practice of calling high officials as witnesses should be discouraged. *See United States v. Morgan*, 313 U.S. 409, 61 S.Ct. 999, 85 L.Ed. 1429 (1941). In *Morgan*, the Court stated that in an effort to preserve the integrity of the administrative process, the Secretary of Labor should not have been asked to testify. *Id.* at 422, 61 S.Ct. at 1003–04.

The D.C. Circuit relied on *Morgan* for its holding that "top executive department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions." *Simplex Time Recorder Co. v. Secretary of Labor*, 766 F.2d 575, 586 (D.C.Cir.1985). The Fifth Circuit recently agreed with the holding in *Simplex* and cautioned a district court to "remain mindful of the fact that exceptional circumstances must exist before the involuntary depositions of high agency officials are permitted." *In Re Office of Inspector General*, 933 F.2d 276, 278 (5th Cir.1991). *See also Sweeney v. Bond*, 669 F.2d 542, 546 (8th Cir.), *cert. denied*, 459 U.S. 878, 103 S.Ct. 174, 74 L.Ed.2d 143 (1982) (governor not required to testify absent compelling need); *United States v. Merhige*, 487 F.2d 25, 29 (4th Cir.), *cert. denied*, 417 U.S. 918, 94 S.Ct. 2625, 41 L.Ed.2d 224 (1974) (members of Parole Board should be subject to deposition only under "exceptional circumstances"); *Peoples v. United States Dep't of Agriculture*, 427 F.2d 561, 567 (D.C.Cir. 1970) (compelling testimony from a cabinet officer "is not normally countenanced").

■ The reason for requiring exigency before allowing the testimony of high officials is obvious. High ranking government officials have greater duties and time constraints than other witnesses. In this case, the government notes that Commissioner Kessler is responsible for the regulation of all drugs, foods, cosmetics and medical devices as well as overseeing the enforcement of statutes and regulations governing the distribution and sales of these items. Thus, his time is very valuable. This concern about a high official's time constraints is particularly relevant to selective prosecution claims. If the Commissioner was asked to testify in every case which the FDA prosecuted, his time would be monopolized by preparing and testifying in such cases.[2] In order to protect officials from the constant distraction of testifying in lawsuits, courts have required that defendants show a special need or situation compelling such testimony. *See Sweeney*, 669 F.2d at 546.

This case does not present extraordinary circumstances or a special need for the Commissioner's testimony; on the contrary, the facts weigh against allowing the subpoena. The record discloses that testimony was available from alternate witnesses, including Daniel L. Michels, the former Director of the FDA's Office of Compliance, and Dr. Randolph Wykoff, Director of the FDA's Office of AIDS Coordination. Both of these officials testified at the hearing on the motion to dismiss the prosecution. Furthermore, Dr. Kessler was not the Commissioner at the time the defendants' case was investigated by the FDA

---

**2.** Although the magistrate's order allowed the Commissioner's testimony to be taken over the telephone and limited it to a thirty minute period, the cumulative effect of such decisions in all of the cases that the FDA prosecuted would be considerable. Also, the Commissioner would have to spend a significant amount of time preparing for the testimony.

and referred to the Justice Department for prosecution. Dr. Kessler did not assume office until four years after the initial investigation and over two years after the case was sent to the Justice Department for further action; accordingly, he could not have been responsible for selectively prosecuting the defendants.

Requiring Dr. Kessler to incur a contempt sanction would have serious repercussions for the relationship between two coequal branches of government and the public confidence in the FDA. Therefore, we have granted review in this mandamus action. Because of the time constraints and multiple responsibilities of high officials, courts discourage parties from calling them as witnesses and require exigent circumstances to justify a request for their testimony. Defendants have failed to show that such circumstances exist in this case. Accordingly, the writ of mandamus is GRANTED and the district court is ordered to quash the subpoena of Dr. David Kessler.