THE ATLANTA JOURNAL AND CONSTITUTION, Plaintiff,

v.

THE CITY OF ATLANTA DEPARTMENT OF AVIATION; Angela Gittens, in her official capacity as Aviation General Manager, City of Atlanta; Steve Baker, in his official capacity as Aviation Deputy General Manager, City of Atlanta; and William Campbell, in his official capacity as Mayor, City of Atlanta, Defendants.

USA TODAY, a division of Gannett Satellite Information Network ("GANSAT"), Inc., Plaintiff,

v.

THE CITY OF ATLANTA DEPARTMENT OF AVIATION; Angela Gittens, in her official capacity as Aviation General Manager, City of Atlanta; Steve Baker, in his official capacity as Aviation Deputy General Manager, City of Atlanta; and William Campbell, in his official capacity as Mayor, City of Atlanta, Defendants.

Civil Action Nos. 1:96–CV–1738–WBH, 1:96–CV–1847–WBH.

United States District Court,
N.D. Georgia,
Atlanta Division.

May 27, 1997.

Peter C. Canfield, Sean R. Smith, Dow, Lohnes & Albertson, Atlanta, GA., for Plaintiff.

Michael Lloyd Smith, Office of Atlanta City Attorney Law Dept., Atlanta, GA, for Defendants.

James C. Rawls, Powell, Goldstein, Frazer & Murphy, Atlanta, GA, for Plaintiff.

## ORDER

HUNT, District Judge.

This case is before the Court on the City of Atlanta's Emergency Motion for Protective Order filed May 1, 1997, seeking to prevent plaintiff Atlanta Journal & Constitution, ("AJ & C") from deposing defendant William C. Campbell, Mayor of the City of Atlanta. AJ & C noticed Campbell's deposition for May 12, 1997. For the following reasons, the motion for protective order is denied.[1]

This case involves constitutional questions regarding the placement of newsracks and the sales of newspapers at Hartsfield International Airport in Atlanta, Georgia (the "Airport"). The parties are operating under orders of this Court preventing enforcement of a newsrack licensing/renting and placement plan which was implemented and enforced against the plaintiffs in July 1996. The parties represent that the City has been in the process of developing a revised newsrack plan to address the concerns of AJ & C

---

1. The City's request for oral argument contained within the motion for protective order also is denied. The motion no longer relates to an emergency. The parties agreed to defer such deposition until the Court ruled on its propriety.

and USA Today, the plaintiff in the combined action. A draft of the proposed revised plan apparently was submitted to plaintiffs on April 15, 1997. AJ & C first noticed Campbell's deposition on April 17, 1997. It served an amended notice on April 25, 1997.

The City moves the Court to enter a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) to prevent AJ & C from taking the deposition of Campbell. The City asserts three primary bases upon which it seeks the Court's order: (1) Campbell's responsibilities as mayor place significant time restraints on him rendering the deposition a undue burden or a tool of harassment; (2) Campbell lacks "personal knowledge" regarding the facts relevant to the plaintiffs' claims; and (3) any of the information which AJ & C seeks from Campbell could be obtained from others within the City's Department of Aviation, particularly the Department of Aviation General Manager, Angela Gittens.

The City contends that AJ & C seeks to depose Campbell purely for harassment reasons, The City suggests that highly placed political officials, elected or appointed, are protected by a type of limited immunity which shields them from harassing depositions unless the party seeking the deposition proves first that the evidence is not available from some other deponent. *See United States v. Miracle Recreation Equipment Co.,* 118 F.R.D. 100, 105 (S.D.Iowa 1987). Further, the City contends that the noticing party must show a special need in order to obtain such testimony.

It is true that courts have required parties seeking the testimony of highly placed federal government officials, by notice or subpoena, to demonstrate to the court that there is some extraordinary circumstance or special need for the witness's testimony. *See In re United States,* 985 F.2d 510, 512 (11th Cir. 1993) (quashing subpoena for Commissioner

of the Food & Drug Administration in routine suit). The policy behind this rule is that a government official who has "greater duties and time constraints than other witnesses" should be protected from the "constant distraction of testifying in lawsuits." *Id.*

Assuming without deciding that this reasoning is applicable to Campbell, the Court concludes that the plaintiffs have shown the circumstances required to go forth with Campbell's deposition in this case. Mayor Campbell is a named defendant in his capacity as mayor and it is alleged that he has been involved directly with this case, particularly that one of his aides was responsible for ushering the ordinance underlying the newsrack plan through the City Council in February 1996.[2] Although an allegation of knowledge by the noticing party, without more, generally will not suffice to mandate the deposition, all of the circumstances of this case to date, including the origin of the ordinance, its implementation and the resulting court orders, as well as the City's relationship with what is likely Atlanta's best–known business, The Coca–Cola Company, apparently spawning the newsrack policy and plan, lead the Court to believe that Campbell is likely to possess pertinent, admissible, discoverable information which can be obtained only from him. Therefore, even though the Court recognizes the numerous demands on the Mayor's time and the obstacles that no doubt must be overcome in scheduling the deposition, the Court is of the opinion that, due to the unique circumstances of this case, plaintiffs shall be allowed to take the deposition.[3]

The City of Atlanta's motion for protective order to prevent the deposition of therefore is DENIED.

---

**2.** The denials of knowledge that Campbell puts forth in his affidavit are limited to knowledge regarding the formulation of the Department of Aviation's plans, policies, and procedures regarding the placement of newsracks and the Department of Aviation's discussions with The Coca–Cola Company to place advertising on the newsracks. *See* Campbell Aff. ¶¶ 5, 6. These two averments are insufficient to justify the broad protective order sought.

**3.** The City also raises a concern that AJ & C's counsel has insisted on deposing Campbell prior to deposing any other witnesses. The parties shall resolve this issue within the time remaining for discovery and consistent with the Mayor's schedule.