**Louis SMITH and Laurie Cowan, Plaintiffs,**

v.

**The STATE OF GEORGIA DEPARTMENT OF CHILDREN AND YOUTH SERVICES, et al., Defendants.**

**CIV.A. No. 1:96–CV3390–RWS.**

United States District Court, N.D. Georgia, Atlanta Division.

March 2, 1998.

Harlan Stuart Miller, III, David C. Ates, Kirwan, Parks, Chesin & Miller, Atlanta, GA, for Plaintiff.

Josie Anne Alexander, Alexander & Associates, Matthew Peter Stone, Casey, Gilson & Williams, Atlanta, GA, for Defendants.

### ORDER

STORY, District Judge.

Both Plaintiffs were employees of the Department of Children and Youth Services ("DCYS") assigned to the Griffin Youth Development Center (RYDC). Plaintiffs have filed this action alleging they were subjected to retaliation and discrimination after reporting to DCYS officials and others outside DCYS concerning the conditions at the RYDC. The Plaintiffs served Defendants with notice to take the deposition of Eugene P. Walker, Ph.D. The Defendants have filed a Motion for Protective Order [62–1] regarding notice of deposition of Eugene P. Walker, Ph.D., and the present action is before the Court on that motion. Dr. Walker is a named defendant in this action. In Defendants' response to mandatory disclosures [9–1], Dr. Walker is listed as a witness who "[m]ay testify as to DCYS philosophy, policies, and procedures regarding employment and his knowledge of recent investigations of the Griffin Center and lack of knowledge regarding certain of Plaintiffs' allegations in the Complaint." The Defendants contend that Dr. Walker had limited involvement in this case and has no personal knowledge concerning the allegations of discriminatory or retaliatory practices. Because Dr. Walker is the highest ranking official in the Department of Juvenile Justice (formerly DCYS), Defendants further contend that the taking of his deposition would be disruptive to the operation of his department.

Plaintiffs contend that the quoted portion of Defendants' responses to mandatory disclosures shows that Dr. Walker has knowledge about which they should be permitted to question him. However, the quoted response is not evidence of any personal knowledge of Dr. Walker concerning the issues in this case. On the contrary, the response indicates that he may testify concerning his "lack of knowledge regarding certain of Plaintiffs' allegations in the Complaint." Defendants assert in their brief that Dr. Walker has no knowledge of the specific facts related to Plaintiffs' claims, and Plaintiffs have offered no evidence that Dr. Walker does have such knowledge.

In the quoted response, Defendants state that Dr. Walker may testify concerning "DCYS philosophy, policies, and procedure regarding employment." However, there is no evidence that someone other than Dr. Walker, as head of DCYS, could not answer questions about these issues.

"In general, high ranking government officials enjoy limited immunity from being deposed in matters about which they have no personal knowledge. The immunity is warranted because such officials must be allowed the freedom to perform their tasks without the constant interference of the discovery process. [Cits. omitted] Before the involuntary depositions of high ranking government officials will be permitted, the parties seeking the depositions must demonstrate that the particular official's testimony will likely lead to the discovery of admissible evidence and is essential to that party's case. [Cits. omitted] In addition, the evidence must not be available through an alternative source or via less burden-

some means." *Warzon v. Drew,* 155 F.R.D. 183 (E.D.Wis.1994). See also *In re United States of America,* 985 F.2d 510 (11th Cir.1993).

Plaintiffs have failed to establish that Dr. Walker's testimony is essential to their case. They have also failed to show that the evidence he could provide is not available through an alternative source.

The Defendants' Motion for Protective Order [63–1] to prevent the deposition of Dr. Walker is therefore **GRANTED**. However, as Plaintiffs have pointed out, Defendants have listed Dr. Walker as a witness Defendants may call at the trial of this case. In the event Defendants intend to call Dr. Walker as a witness at trial, the Plaintiffs are entitled to depose him prior to trial. Therefore, Defendants are ordered to notify Plaintiffs in advance of trial if they intend to call Dr. Walker as a witness and in such event, to make him available for deposition by Plaintiffs at least 10 days before trial.