SOCIALIST WORKERS PARTY et al.,
Plaintiffs-Appellees,

v.

Joseph GRUBISIC et al., Defendants.

Appeal of Bernard CAREY, Deponent.

No. 79–1406.

United States Court of Appeals,
Seventh Circuit.

Submitted July 6, 1979.

Decided Aug. 7, 1979.

Bernard Z. Paul, Corp. Counsel, City of DeKalb, DeKalb, Ill., for defendants.

Lance Haddix and Robert M. Hodge, Law Offices of Haddix & Hodge, and Matthew J. Piers, Chicago, Ill., for plaintiffs-appellees.

John A. Dienner, III, Asst. State's Atty., and William R. Quinlan, Corp. Counsel, Chicago, Ill., for deponent.

Before FAIRCHILD, Chief Judge, and SPRECHER and BAUER, Circuit Judges.

PER CURIAM.

Plaintiffs-appellees, cross-appellants have filed a motion to dismiss the appeal taken by deponent Bernard Carey from an order refusing to quash a *subpoena duces tecum* and to dismiss the appeal which they have taken from the district court's modification of that same order. Pursuant to the directives of Circuit Rule 35 we have concluded that our interpretation of established Supreme Court precedent on the appealability of orders compelling pretrial discovery warrants publication.

As a basis for our ruling it is necessary to present a synopsis of the facts which underlie this appeal. On April 3, 1979 the district court granted plaintiffs' motion for a bill of discovery to release grand jury transcripts and denied deponent's motion to quash the *subpoena duces tecum*. The court ruled that plaintiffs had demonstrated the requisite compelling necessity and particularized need for discovery of the transcripts and that deponent should immediately produce the material. On April 11, 1979 deponent filed his notice of appeal from that order. On April 27, 1979 the district court modified the order of April 3, 1979 to read: "Under the order of April 3, 1979, Bernard Carey may produce immediately that portion of the subpoenaed materials he thinks should be produced in the public interest and submit to the court the balance of the materials for a determination of whether, in fact, they ought to be disclosed to plaintiffs." On May 17, 1979 plaintiffs filed their notice of cross-appeal.

In their "Motion To Dismiss Appeal" plaintiffs petition this court for entry of an order "dismissing the appeal on the grounds that the orders appealed from (April 3 and April 27, 1979) are not final within the meaning of that term in Ch. 38 [sic] U.S.C. § 1291." Deponent concurs that the April 27 order from which plaintiffs appeal is not final but puts forth several arguments in support of his conclusion that the earlier order is appealable.

### A. The Order of April 3

Deponent argues that the April 3, 1979 order directing him to comply with plaintiff's subpoena is appealable. The general rule applicable to the appeal of orders compelling the production of documents provides that such an order is not final within the meaning of 28 U.S.C. § 1291 nor interlocutory within the meaning of 28 U.S.C. § 1292(a). A person wishing to resist production of information must refuse to comply with the order compelling discovery, be adjudicated in criminal contempt, and appeal from the contempt order. *Alexander v. United States,* 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686 (1906). Deponent seeks to distinguish his situation from the scope of applicability of this rule by arguing that when a nonparty who is an elected state official is ordered to produce documents which are transcripts of state grand jury proceedings, the nonparty need not be held in contempt before he is able to obtain judicial review of that order on appeal. In support of his argument he contends that (1) the cases cited by plaintiffs which stand for the proposition that the April 3, 1979 order is interlocutory are distinguishable because each deals with a party attempting to resist grand jury subpoenas and thus represent attempts to interfere with the orderly progress of criminal litigation;[1] (2) the subject matter of the transcripts sought be disclosed concern state and not federal grand jury proceedings and therefore, significant issues of comity are raised; and (3) it would be "unseemly" to require an elected official of a state "to place himself in the posture of disobeying an order of a court merely to trigger the procedural mechanism for review. . . ." *United States v. Nixon,* 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974).

On the other hand, plaintiffs argue that the appeal from the April 3, 1979 order should be dismissed for two reasons. First,

---

1. Plaintiffs cited the following cases in support of their position that the April 3, 1979 order is interlocutory: *U. S. v. Ryan,* 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971); *Cobbledick v.* *U. S.,* 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940); *In re Rom,* 459 F.2d 15 (3rd Cir. 1972); *International Agricultural Corp. v. Pearce,* 113 F.2d 964 (4th Cir. 1940).

they assert that the appeal has been rendered moot by the order of April 27, 1979. Until the district court decides to give some materials to the plaintiffs, plaintiffs argue that there is no case or controversy. Second, plaintiffs contend that the April 3, 1979 order is not a final order. The fact that the transcripts are of state grand jury proceedings is not dispositive of the issue of finality, they assert, since the district court's finding of particularized need overcomes objections based on the issue of comity. Further, plaintiffs distinguish *United States v. Nixon,* on the ground that a state's attorney is not on equal footing with the President of the United States. In support they cite *Socialist Workers Party v. Attorney General,* 565 F.2d 19 (2d Cir. 1977) which held that the Attorney General of the United States may not directly appeal a pretrial discovery order which required him to reveal to plaintiffs the names of F.B.I. informants over his claim of informants' privilege. Finally, plaintiffs find significant that mandamus and § 1292(b) certification are available alternate means for seeking judicial review of the court order.

### B. The "Cohen Rule"

In *Cohen v. Beneficial Industries Loan Corporation,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), the Supreme Court delineated one of the several exceptions to the general rule that a final order is a prerequisite to appeal. The Supreme Court held the given order appealable

> because it is a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it.

337 U.S. at 546–547, 69 S.Ct. at 1226.

In *Alexander v. United States, supra,* 201 U.S. at 121, 26 S.Ct. 356, the Supreme Court explicitly ruled that the *Cohen* rule was not applicable to orders respecting discovery on the ground that a witness must first refuse to produce or to testify, and must be punished for criminal contempt, before a right to review arises.

The *Alexander* rule has been challenged recently in *Covey Oil Co. v. Continental Oil Co.,* 340 F.2d 993 (10th Cir.), *cert. denied* 380 U.S. 964, 85 S.Ct. 1110, 14 L.Ed.2d 155 (1965) where the Tenth Circuit Court of Appeals held that

> non-party witnesses should not be required to expose themselves to the hazard of punishment in order to obtain a determination of their claimed rights.

340 F.2d at 996.

The most recent Seventh Circuit interpretation of the *Cohen* collateral order doctrine delineates four requirements for appeal under the *Cohen* rule:

1. [T]he order must present an important and unsettled question of law;

2. [T]he order could not have been reviewed effectively on appeal from the final judgment of the entire action since the right claimed in the order would have been lost;

3. [T]he subject of the order must be separate and independent of the main cause of action; and

4. [O]n the balance, the dangers of denying justice by delay outweighs the costs of piecemeal review.

*First Wisconsin Mortgage Trust v. First Wisconsin Corp.,* 571 F.2d 390, 393 (7th Cir. 1978) (adopted *en banc*).

In *American Telephone & Telegraph v. Grady,* 594 F.2d 594 (7th Cir. 1978), this Court applied the criteria of *First Wisconsin* to a pretrial discovery order directing a party (MCI) to turn over materials already discovered to a nonparty (Department of Justice). In that situation the inability of the appellant to challenge and stop the transfer of the materials by risking a contempt citation and appealing was critical in our distinguishing *Alexander,* applying *Cohen* and permitting appeal.

In the present case we similarly apply the requirements for appeal under the *Cohen* rule and conclude that the issue presented for review, *viz.,* whether a nonparty State's Attorney can be compelled to disclose to federal plaintiffs the transcript of a state grand jury proceeding is an important and unsettled question of law, separate and independent of the main cause of

action. In so holding we employ the method of analysis used by the Second Circuit Court of Appeals in *Socialist Workers Party v. Attorney General,* 565 F.2d 19 (2d Cir. 1977).[2] We wish to make it clear that in holding that the April 3, 1979 order is final for purposes of appeal we have not ruled on the persuasiveness of deponent's arguments on the merits, nor have we concluded that deponent's status as a nonparty alone or as an elected official alone are sufficient bases on which to carve out a general exception to the *Alexander* rule. For the same reason that we deny plaintiffs' motion to dismiss the appeal taken from the April 3, 1979 order we decline to dismiss the cross-appeal taken from the April 27, 1979 order of modification.

We also reject plaintiffs' argument that the appeal from the April 3, 1979 order is moot. Once deponent has turned over some or all of the discovered documents of the district court the court may at any time disclose the contents of those documents to plaintiff. In this way deponent could be faced with a *fait accompli* and postponement of judicial review would have effectively denied him any practical right of review.

Therefore, plaintiffs' motion to dismiss is denied.

---

**2.** That court concluded that appeal of pretrial discovery orders would not be permitted in the absence of a 28 U.S.C. § 1292(b) certification, a persistent disregard of the Rules of Civil Procedure or a manifest abuse of discretion, . . . [or] where the case presents legal questions of first impression or of extraordinary significance.

565 F.2d at 22.
The court carefully examined the applicable case law and concluded that the asserted defense of informer privilege which was overruled by the district court in compelling discovery did not satisfy any of these requirements.