**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**The PEOPLES GAS, LIGHT, AND COKE COMPANY, Defendant.**

**No. 80 C 1824.**

United States District Court,
N. D. Illinois, E. D.

Feb. 12, 1982.

Margaret Lee Herbert, Penny L. Jones, E.E.O.C., Chicago, Ill., for plaintiff.

Bruce R. Alper, John P. Jacoby, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for Bldg. Managers Assoc. of Chicago, deponent.

Richard L. Marcus, Paul S. Gerding, Adams, Fox, Marcus, Adelstein & Gerding, Asher, Goodstein, Pavalon, Gittler Greenfield & Segall Ltd., Chicago, Ill., for Local 25, Service Employees International Union, deponent.

## MEMORANDUM

LEIGHTON, District Judge.

This cause is before the court on the defendants' motion for a stay of any proceedings brought to enforce a subpoena ordering the Building Managers Association to produce certain documents. Magistrate Jurco, in a thorough memorandum opinion, denied the defendants' motions to quash, and this court affirmed her ruling. Defendants now seek a stay pending appeal of the denial of their motions to quash. After careful consideration of the parties' submissions, the court denies the motion.

Generally, an appeal may only be taken from a final order or from certain types of interlocutory orders. 28 U.S.C. §§ 1291 and 1292. In *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), the Supreme Court recognized an exception to the finality requirement which allowed appeals from decisions that

fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review,

and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

*Cohen*, 337 U.S. at 546, 69 S.Ct. at 1225. Defendants argue that the Magistrate's order denying their motions to quash falls within the "collateral order" doctrine of *Cohen.* However, the *Cohen* rule is not applicable to orders compelling discovery; rather the witness must first refuse to comply and be cited for contempt before a right to review arises. *Alexander v. United States*, 201 U.S. 117, 121–122, 26 S.Ct. 356, 357–58, 50 L.Ed. 686 (1906); *Ryan v. Commissioner of Internal Revenue*, 517 F.2d 13, 17–18 (7th Cir. 1975); *American Telegraph and Telephone v. Grady*, 594 F.2d 594, 596 (7th Cir. 1978).

On two occasions, the Seventh Circuit has found *Alexander* to be inapposite and has allowed the appeal of orders compelling discovery. In the first case, *A. T. & T. v. Grady*, the appellant was not the subject of the subpoena and thus, did not have the option of refusing to comply. In the second case, *Socialist Workers Party v. Grubisic*, 604 F.2d 1005 (7th Cir. 1979), the materials to be produced were part of a closed grand jury investigation and the public interest in having the issue immediately settled was quite significant. The factors considered by the Seventh Circuit in allowing the appeals in these two cases are not present in the case before this court. Accordingly, the court can find no justification for applying the *Cohen* rule and concludes that the order denying the motions to quash and this court's affirming order are not appealable. Therefore, the motion for a stay pending appeal is denied.