Veda BENNETT, et al., Plaintiffs, Appellees,

v.

CITY OF BOSTON, et al., Defendants, Appellees.

Commonwealth of Massachusetts, Appellant.

No. 95–1281.

United States Court of Appeals, First Circuit.

Submitted May 1, 1995.

Decided May 9, 1995.

---

Scott Harshbarger, Atty. Gen., and William J. Meade, Asst. Atty. Gen., Boston, MA, on memorandum of law, for appellant.

Mitchell H. Kaplan, Diane L. Azarian, Richard J. Maloney, and Choate, Hall & Stewart, Boston, MA, on memorandum of law, for appellees Yvonne and Shannon Jenkins.

Before TORRUELLA, Chief Judge, SELYA and STAHL, Circuit Judges.

PER CURIAM.

In this pending civil rights action, the District Attorney for Suffolk County in Massachusetts seeks to appeal from an order mandating that various investigative materials in his possession be disclosed to plaintiffs. Because we lack jurisdiction to entertain such an interlocutory challenge to a discovery order, the appeal will be dismissed.

## I.

The underlying action arises out of the investigation of Willie Bennett for the murder of Carol DiMaiti Stuart. Eight relatives and acquaintances of Bennett complain of unlawful searches of their homes and seizures of their persons and property in connection with that investigation. In particular, they contend that the defendants—the City of Boston, its police commissioner and five police officers—coerced two teenagers into giving false statements implicating Bennett and thereafter wrongfully used such statements to obtain search warrants and for other investigative purposes.

In the course of pretrial proceedings, plaintiffs served upon the Suffolk District

Attorney (a non-party to the case) a subpoena duces tecum requesting an assortment of materials pertaining to the murder investigation. Among the items sought were grand jury transcripts, witness statements, and various materials concerning witness interviews and the procurement of search warrants (*e.g.,* police reports, audio and video tapes, transcripts, and physical evidence). The District Attorney moved to quash, arguing that such items were privileged investigative materials and thus were exempt from disclosure. *See, e.g., United States v. Cintolo,* 818 F.2d 980, 1002 (1st Cir.) (recognizing "qualified privilege against compelled government disclosure of sensitive investigative techniques"), *cert. denied,* 484 U.S. 913, 108 S.Ct. 259, 98 L.Ed.2d 216 (1987).[1] Following a hearing, the district court agreed that the grand jury transcripts need not be disclosed, but ordered that all non-grand-jury materials be produced subject to a protective order. The District Attorney has appealed from the latter portion of this ruling, and appellees have moved to dismiss for lack of jurisdiction.

## II.

■ Each of the District Attorney's attempts to establish appellate jurisdiction is effectively rebuffed by our decision in *Corporacion Insular de Seguros v. Garcia,* 876 F.2d 254 (1st Cir.1989). As we there explained, discovery orders, "whether directed at parties or at non-parties," are generally not appealable as "final decisions" under 28 U.S.C. § 1291. *Id.* at 256. They are generally not appealable as "injunctions" under 28 U.S.C. § 1292(a)(1). *Id.* And they are generally not appealable under the "collateral order" exception to the final judgment rule set forth in *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 545–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). One of the prerequisites to invoking the *Cohen* exception is that the order be "effectively unreviewable on appeal from a final judgment." *Doughty v. Underwriters at Lloyd's, London,* 6 F.3d 856, 862 (1st Cir.1993). Such is not the case here; the District Attorney "can

gain the right of appeal from the discovery order by defying it, being held in contempt, and then appealing from the contempt order, which would be a final judgment as to [him]." *Garcia,* 876 F.2d at 257; *accord, e.g., Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 377, 101 S.Ct. 669, 675, 66 L.Ed.2d 571 (1981); *MDK, Inc. v. Mike's Train House, Inc.,* 27 F.3d 116, 120–22 (4th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 510, 130 L.Ed.2d 417 (1994); *see generally In re Recticel Foam Corp.,* 859 F.2d 1000, 1004 (1st Cir.1988) ("discovery orders rarely satisfy all four of [the *Cohen* ] criteria").

■ While acknowledging that incurring a contempt citation is the ordinary route to appellate review in this context, the District Attorney argues that his status as an elected government official and the county's chief law enforcement officer calls for a different procedure. He relies in this regard on *United States v. Nixon,* 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974), where the Court allowed President Nixon to appeal from a discovery order without first being cited for contempt. It explained:

> To require a President of the United States to place himself in the posture of disobeying an order of a court merely to trigger the procedural mechanism for review of the ruling would be unseemly, and would present an unnecessary occasion for constitutional confrontation between two branches of the Government.

*Id.* at 691–92, 94 S.Ct. at 3099. A similar argument was advanced by the *Garcia* appellants (aides to the President of the Puerto Rico Senate and the Puerto Rico Governor, respectively). We deemed *Nixon* inapplicable, describing it as a "unique case" that was not "meant to extend ... to any government official other than the President himself." 876 F.2d at 257–58. Other courts have read *Nixon* in a similarly narrow fashion. *See, e.g., Simmons v. City of Racine, PFC,* 37 F.3d 325, 328 (7th Cir.1994) (refusing to extend *Nixon* exception to police department officers and employees); *In re United States,* 985 F.2d 510, 511 (11th Cir.) (per curiam)

---

1. The District Attorney has also made reference, secondarily, to a privilege embracing "prosecuto-     rial or deliberative processes or work product."

(same as to FDA Commissioner), *cert. denied,* —— U.S. ——, 114 S.Ct. 545, 126 L.Ed.2d 447 (1993); *Newton v. National Broadcasting Co.,* 726 F.2d 591, 593 (9th Cir.1984) (per curiam) (same as to state gaming control board); *United States v. Winner,* 641 F.2d 825, 830 (10th Cir.1981) (same as to Deputy Attorney General and Assistant Attorney General of United States); *In re Attorney General of the United States,* 596 F.2d 58, 62 (2d Cir.) (same as to Attorney General), *cert. denied,* 444 U.S. 903, 100 S.Ct. 217, 62 L.Ed.2d 141 (1979).[2]

In several of these cases, it is true, the courts relied on the principles underlying the *Nixon* exception to conclude that the circumstances were sufficiently exceptional to warrant mandamus relief. *See In re United States,* 985 F.2d at 511–12; *Winner,* 641 F.2d at 830–31; *In re Attorney General of the United States,* 596 F.2d at 62–64. The District Attorney requests, in the alternative, that we do the same here. Assuming, without deciding, that the extraordinary remedy of mandamus might on occasion be appropriate in this context, we readily conclude—just as we did in *Garcia,* 876 F.2d at 261—that such relief is unwarranted here.

 Several factors underlie this conclusion. First, the District Attorney has satisfied neither of the traditional prerequisites to mandamus relief: (1) a showing of some special risk of irreparable harm, and (2) a demonstration of clear entitlement to the relief requested, i.e., that the district court's order is palpably erroneous. *See, e.g., Doughty,* 6 F.3d at 865; *In re Pearson,* 990 F.2d 653, 656 (1st Cir.1993). Second, the discovery ruling at issue here is one largely entrusted to the district court's discretion, and "mandamus, as a general rule, will not issue to control exercises of judicial discretion." *In re Insurers Syndicate,* 864 F.2d 208, 211 (1st Cir.1988); *accord, e.g., In re Recticel Foam*

*Corp.,* 859 F.2d at 1006. Third, the possibility of a "softened" contempt decree involving a citation without further sanction, *see, e.g., Garcia,* 876 F.2d at 259 (quoting *National Super Spuds, Inc. v. New York Mercantile Exchange,* 591 F.2d 174, 180 (2d Cir.1979)), might go far to mitigate any "unseemliness" that might otherwise arise from holding the District Attorney in contempt. Finally, the recent decision in *Globe Newspaper Co. v. Police Comm'r of Boston,* 419 Mass. 852, 648 N.E.2d 419 (1995), in which the Supreme Judicial Court ordered public dissemination of many of the same materials at issue here, further undercuts the propriety of ordering such extraordinary relief.

*The appeal is dismissed for lack of jurisdiction. The temporary stay issued on March 22, 1995 is hereby dissolved. Appellant's motion to stay the appeal is denied as moot.*

---

2. Contrary to the District Attorney's suggestion, *Socialist Workers Party v. Grubisic,* 604 F.2d 1005 (7th Cir.1979) (per curiam), on which he heavily relies, did not conclude that the appellant State's Attorney fell within the *Nixon* exception; the court there ended up invoking the collateral order exception. The same court, more recently, has applied *Nixon* narrowly and confined *Grubisic* to the "narrow facts" presented. *See Sim-* *mons,* 37 F.3d at 328–29. We also note that the principal case on which the *Grubisic* court relied—*Covey Oil Co. v. Continental Oil Co.,* 340 F.2d 993 (10th Cir.), *cert. denied,* 380 U.S. 964, 85 S.Ct. 1110, 14 L.Ed.2d 155 (1965)—has since been discredited. *See, e.g., MDK, Inc.,* 27 F.3d at 120; *Boughton v. Cotter Corp.,* 10 F.3d 746, 749 (10th Cir.1993).