# United States Court of Appeals
## For the First Circuit

No. 01-1859

IN RE: CAMBRIDGE LITERARY PROPERTIES, LTD.,
Petitioner.

_____

Before

Bownes and Cyr, <u>Senior Circuit Judges</u>,
and Lynch, <u>Circuit Judge</u>.

_____

JUDGMENT
Entered: November 20, 2001

Cambridge Literary Properties, Ltd. ("Cambridge") has filed a petition for writ of mandamus asking this court to direct the district court to approve a proffered statement, pursuant to Fed. R. App. P. 10(c) ("Rule 10(c) Statement"). Mandamus is an extraordinary remedy requiring "(1) a showing of some special risk of irreparable harm, and (2) a demonstration of clear entitlement to the relief requested, i.e., that the district court's order is palpably erroneous." <u>Bennett</u> v. <u>City of Boston</u>, 54 F.3d 18, 21 (1st Cir. 1995).

To the extent that the district court declined to approve the Rule 10(c) Statement on the ground that, as a general principle, Rule 10(c) does not apply to an informal pretrial conference, that contention appears incorrect. <u>See</u> <u>Athridge</u> v. <u>Rivas</u>, 141 F.3d 357 (D.C. Cir. 1998); <u>see also</u> <u>Rogan</u> v. <u>Menino</u>, 175 F.3d 75, 79 (1st Cir.) (discussing a Rule 10(c) statement approved by a district court judge that recited what had been said at an unrecorded chambers conference), <u>cert. denied</u>, 528 U.S. 1062 (1999); <u>Barilaro</u> v. <u>Consolidated Rail Corp.</u>, 876 F.2d 260, 263 (1st Cir. 1989) (suggesting that appellant should have utilized Rule 10(c) to memorialize what had occurred at a pretrial conference). Nonetheless, this error, in and of itself, does not entitle Cambridge to a writ of mandamus.

Unlike <u>Athridge</u>, in which the failure to resolve what had occurred at the unrecorded conference precluded consideration of

a dispositive appellate issue, Cambridge has made no such showing here. Cambridge's mandamus petition argues that, contrary to the district court's contention, there is a material dispute of fact regarding the activities of sales representative Schwab on behalf of the defendants and that, at the unrecorded conference, it sought leave to depose Schwab on these matters. However, the district court determined that it lacked personal jurisdiction over the defendants because Cambridge's cause of action involves proof of its copyright claim and that cause of action is not established by Cambridge's proffered evidence that the defendants conducted business in Massachusetts. In other words, the district court assumed that the defendants' activities sufficed for the "transacting business" clause of the long-arm statute but concluded that Cambridge had failed to demonstrate that its cause of action arose from these business activities. Cambridge's allegation that there is a dispute about the scope and extent of Schwab's activities on behalf of the defendants and its complaint that it was foreclosed at the unrecorded conference from pursuing its deposition of Schwab therefore appears off-point.

Similarly, Cambridge has not demonstrated how the district court's refusal to approve its Rule 10(c) Statement prejudices its presentation of a claim that the district court failed to address its contention that the court had general, as well as specific, personal jurisdiction.[1] The Rule 10(c) Statement did not add anything to the issue of general personal jurisdiction when the district court, in fact, accepted, for purposes of its decision, that the defendants' business contacts constituted the transaction of business in Massachusetts.

Accordingly, because Cambridge has not shown that its proffered Rule 10(c) Statement has relevance to its pending appeal, it has not demonstrated "some special risk of irreparable harm" and "palpable" error by the district court in refusing to approve it.

The petition for writ of mandamus is denied.

By the Court:

Janice O'Neil, Acting Clerk.

---

[1]For purposes of disposing of this petition for writ of mandamus, we assume, without deciding, that Cambridge's failure to move for reconsideration after entry of the order of dismissal did not constitute a waiver of this claim.

By: Julie Gregg,
    Appeals Attorney.