[NOT FOR PUBLICATION–NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 01-1885

EUGENE B. BOWLER,

Plaintiff, Appellant,

v.

STATE OF MAINE, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Torruella, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

Eugene B. Bowler on brief pro se.
G. Steven Rowe, Attorney General, and William R. Fisher, Assistant Attorney General, on brief for appellees.

December 27, 2001

**Per Curiam**.  Eugene Bowler filed this pro se action in an effort to challenge the constitutionality of Maine's "stalking" statute.  See 17-A Me. Rev. Stat. Ann. § 210-A.  The action ended up being dismissed because of his noncompliance with a court order directing that he respond to defendants' interrogatories (and their accompanying requests for production of documents).  See Fed. R. Civ. P. 37(b)(2)(C).  Such a disposition is reviewed only for abuse of discretion.  See, e.g., National Hockey League v. Metrop. Hockey Club, Inc., 427 U.S. 639, 642 (1976) (per curiam).  Finding none, we affirm.

There is no need for extended discussion, particularly since Bowler has offered little in the way of pertinent argumentation on appeal.  A number of factors support the district court's decision.  For example, the various objections voiced by Bowler to the interrogatories prove to have been baseless.  He protested that providing complete answers would impose an intolerable burden and would implicate Fifth Amendment concerns, but he never elaborated in either regard.  He also complained that many of the questions were "not relevant"--overlooking, among other things, the fact that his as-applied constitutional challenges were necessarily fact-dependent.  In any event, whatever the merit of his objections, Bowler persisted in his recalcitrance even after being ordered to furnish appropriate responses.  As to other points, we note

-2-

that the interrogatories were limited in scope and number; that defendants undertook no other discovery; that Bowler was familiar with the judicial process; and that he likely would not have prevailed on his underlying constitutional claims.

To be sure, Bowler could retort that he was appearing pro se; that he had otherwise acted in prompt fashion; that the case was relatively young; and that he had not been specifically warned that dismissal might ensue. Yet he has not done so.[1] Instead, to excuse his noncompliance with the district court order, Bowler points out that a challenge thereto was pending before this court by way of a "petition for writ of prohibition." This argument fails for several reasons. First, that petition was patently without merit, inasmuch as the discovery order was a garden-variety, discretionary ruling that was neither appealable nor subject to mandamus review. See, e.g., Bennett v. City of Boston, 54 F.3d 18, 20-21 (1st Cir. 1995) (per curiam). Second, by the time the dismissal here occurred, Bowler's petition had been denied by this court and was the subject of a request for en banc review--a frivolous filing. Finally, as the district court noted, Bowler

---

[1] The cited factors would not have been dispositive in any event. See, e.g., Velazquez-Rivera v. Sea-Land Service, Inc., 920 F.2d 1072, 1078 n.9 (1st Cir. 1990) (stopping short of any suggestion that lack of prior warning was "controlling").

-3-

never sought a stay of the discovery order pending his attempt to obtain appellate relief.

     <u>Affirmed.</u>